329 So.2d 896 (1976)
Ethel Carolyn YOUNGBLOOD, Plaintiff-Appellee,
v.
James Raville YOUNGBLOOD, Defendant-Appellant.
No. 12868.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
*897 C. Sherburne Sentell, Jr., Minden, for defendant-appellant.
Shaw & Shaw, by W. M. Shaw, Homer, for plaintiff-appellee.
Before PRICE, MARVIN and SMITH, JJ.
SMITH, Judge.
Plaintiff sued her husband for separation from bed and board on the grounds of abandonment. The lower court rendered judgment for $750 per month for the support of the three minor children of the marriage. The husband appeals alleging that the award is excessive. We affirm.
Mr. Youngblood is in the contracting business with his principal office in Haynesville, Louisiana. It is not disputed that his income for 1974 was approximately $60,000 from his welding contracts and his oil field service. He contends, however, that this figure is not representative of his 1975 income, for which tax returns were unavailable at the time of trial, because he has lost a major contract which accounted for a substantial portion of his 1974 income. His largely uncorroborated testimony at trial was that he was making $800-$1,000 per month at that time. The trial judge apparently found defendant's evidence tending to show a substantial decrease in earnings for 1975 unconvincing. We find the record substantiates this finding.
Mr. Youngblood had in his employ four welders whom he paid $5.50 and contracted out at $12.50 per hour. He has several pieces of heavy equipment belonging to the community which he continues to lease to others and receives the revenue therefrom.
Mrs. Youngblood has a history of serious medical problems. Although she has suffered some emotional problems in the past, the evidence at trial indicated she had fully recovered. At the time of the trial she was living in the family home with the three children, ages 14, 11, and 5. Because of physical disabilities relating to a 1973 operation she is receiving $620 in Social Security benefits.
Article 227 of the Louisiana Civil Code provides:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
Louisiana Civil Code Arts. 230 and 231 state this duty to support children of the marriage extends to whatever is "necessary for the nourishment, lodging and support" of the children and shall be granted in "proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."
Mrs. Youngblood submitted a very detailed affidavit itemizing expenses for herself and the three children amounting to $1,963.85 per month. It is apparent the trial judge recognized the list of expenses was excessive in some respects as the award of $750 for the children, when added to her income of $620, provides a gross income for their combined living expenses of only $1,370 per month. This amount is not out of line with the evidence showing the family's prior standard of living and appears to be within defendant's ability to pay.
In fixing the amount that a parent must pay for the support of his children, *898 the trial judge is granted much discretion and the award will not be disturbed unless there is a clear abuse of discretion. Frazier v. Frazier, 318 So.2d 625 (La.App.2d Cir. 1975); Jackson v. Jackson, 275 So.2d 456 (La.App.2d Cir. 1973) and cases cited therein.
We find no abuse of discretion by the trial judge. Accordingly, the judgment is affirmed at appellant's cost.