407 So.2d 1314 (1981)
Janie Kay Bonds HORD, Plaintiff-Appellee,
v.
Thomas Edward HORD, Defendant-Appellant.
No. 8539.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Rehearing Denied January 29, 1982.
Patrick L. Durusau, J. P. Mauffray, Jr., Jena, for defendant-appellant.
Trimble & Associates, Elizabeth E. Foote, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
This is a child custody action instituted by plaintiff, Janie Kay Bonds Hord, against the defendant, Thomas E. Hord. Plaintiff seeks permanent custody of the parties' minor child, Thomas E. Hord, Jr.
The issues on appeal are whether or not the trial court erred in concluding that it is in the best interest of the minor child to award custody to plaintiff; and, whether or not the trial court's award of $300.00 per month in child support is excessive.
The record discloses that the parties were married on December 23, 1972. Of this marriage, one child was born, Thomas E. Hord, Jr., age six at the time of trial. The parties separated on May 7, 1980. Thereafter, plaintiff filed a petition for separation "a mensa et thoro" and sought custody pendente lite of the parties' minor child. After a rather protracted and contested hearing, temporary custody of the minor child was awarded to the defendant. In his oral reasons for judgment, the trial judge noted that he believed it was in the best interest of the parties' child to award temporary *1315 custody to the defendant. In so concluding, the trial judge observed that the testimony at the hearing established that Mrs. Hord had permitted the child to accompany her to inappropriate places and events, and additionally, permitted the child to keep hours "... that are unusual even for an adult." The trial judge also determined that the defendant was more likely to provide needed discipline.
On April 8, 1981, the matter came for trial on the issues of divorce and permanent child custody. The trial judge concluded that both parties had given the other legal cause for divorce and thus, the court granted the divorce as prayed for by the parties. Permanent custody of Thomas Hord, Jr. was awarded to plaintiff. Additionally, defendant was ordered to pay child support in the amount of $300.00 monthly. Defendant has appealed from the aforesaid judgment.
The record reflects that since the initial hearing for temporary custody plaintiff began living openly with Roger Deville in Pineville, Louisiana. Plaintiff testified that she plans to marry Mr. Deville as soon as her divorce from the defendant is final. The record also reveals that since the initial hearing, the defendant began co-habitating openly with Debbie Brown in Harvey, Louisiana. At trial, neither defendant nor Ms. Brown expressed any regret or misgivings regarding their present living arrangement and neither testified that they have any intention of marrying at the present time. Mr. Hord is employed in the oil and gas industry which requires that he spend time off-shore on a schedule of seven days on and seven days off. Defendant's work schedule has required that he obtain assistance in caring for the parties' minor child. Defendant testified that Ms. Brown and his employer's wife, Kathy Edwards, assist him in his child-care responsibilities and that the child stays with either of the two when he is off-shore.
The trial judge, in his oral reasons for judgment, noted that the plaintiff, although appearing somewhat emotionally unstable and irresponsible at the temporary custody proceeding, appeared during the instant custody proceeding as having established a stable relationship devoid of the circumstances that led to the resolution of the prior custody hearing against her. Thus, after hearing all of the testimony and reviewing the evidence adduced at the hearing, the trial judge concluded that custody of Thomas, Jr. should be awarded to the plaintiff. The trial judge was significantly influenced in his decision by the extended and frequent absences of the defendant from his residence and in this regard, the trial court stated:
"It's my opinion that a six year old male child, who in August or September, will start first grade, needs to be in close association with a parent as much as possible. The circumstances of this case are such that with either parent he will be in close association with a non-parent. If placed with his father, he will be in close association with a non-parent. If placed with his mother, he will be in closest association with his mother. Considering the child's age, and that he will soon enter school and that he is entering a phase of his life when parential (sic) contact is quite important to his orderly development, I am going to change custody and grant it to his mother."
On appeal, defendant contends that the trial judge, in awarding custody to plaintiff, confected a so-called "close association" rule which defendant argues bears a remarkable resemblance to the legislatively overruled maternal preference rule. In this regard, defendant alleges that the trial judge applied a "mechanical talisman" in reaching his decision and based the same upon an unspoken and certainly false assumption that if a certain level of parental contact is necessary for the healthy psychological development of the child, and more is better, then 24 hours per day of parent-child contact is just right. Defendant further argues that the decision of the trial court effectively forecloses all employed fathers from gaining custody of their children unless the mother is completely unfit. After reviewing the record and the trial court's oral reasons for judgment, we conclude *1316 that defendant's interpretation of the court's reasons for judgment is inaccurate and somewhat distorted. In the first instance, we observe that no hard and fast mechanical rule, termed by defendant as the "close association rule", was applied by the trial court in reaching its decision. Rather, the trial judge merely considered the need of the youngster for parental contact as a factor to be considered in deciding the issue of custody. We observe that the trial court was significantly impressed with the fact that the defendant worked off-shore and is frequently absent from the home for seven day periods during which the child is left in the care of non-parents, specifically, either defendant's live-in girlfriend or his employer's wife. Admittedly, the trial judge concluded that such factor was of great importance, however, the trial judge, in his oral reasons for judgment, delineates several other factors which also influenced his ultimate decision. Obviously, the trial court was influenced by the fact that the plaintiff plans to marry her boyfriend as soon as her divorce from the defendant is final. Mrs. Hord stated that she felt that living with Deville without the benefit of marriage was wrong and that if awarded custody of Thomas, Jr. she and the child would live with plaintiff's grandmother until such time as she is legally able to marry Deville. In contrast to Mrs. Hord's plans, the defendant expressed no present intention to marry his live-in girlfriend and indicated that she and Mrs. Edwards would continue to care for the parties' child in his absence. Presumably, the trial court was impressed with the stable and morally fit environment which will be provided by plaintiff as compared to an environment wherein defendant co-habitates with a woman, without benefit of marriage, and where he is often absent for extended periods of time. Our courts have a duty to promote and protect the moral welfare of the child in child custody proceedings. See Parks v. Parks, 331 So.2d 505 (La.App. 2d Cir. 1976).
Learned counsel for defendant argues that the court's decision, if affirmed, would effectively foreclose the award of custody to working fathers. Counsel's argument is without merit. In the first instance, and as previously noted herein, plaintiff's employment was merely one factor considered by the trial court in reaching its decision. Secondly, in the instant case, the defendant is required by his employment to be absent from his home for extended periods of time. Such a work schedule is not analogous to the working father whose hours are regularly 8 to 5 or thereabouts. Rather, defendant's job requires that he be absent for days at a time which results in the child being cared for primarily by third persons (non-parents). It is the extended absence of defendant from the home, not the fact that defendant is employed, which is relevant to determining what is in the best interest of the parties' child.
Finally, defendant avers that the trial court failed to consider the "stability of environment" consideration enunciated by the Louisiana Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). We disagree. The Bordelon court noted that stability of environment is relevant to a determination of the best interest of the child and that courts should consider the prior history of the child's custody when asked to change custody. However, the Court in Bordelon, supra, also stated that stability of environment was but a single consideration to be weighed with all other factors relevant to a determination of the best interests of the child. Thus, although stability of environment in the sense of continued custody in one party is a factor to be considered, we conclude that such factor is not determinative in regard to the issue of what constitutes the best interest of the child. It is well-settled that custody judgments unlike other ordinary judgments, are never final in the sense that they are always subject to review and modification by the courts, particularly when circumstances change. See State of Louisiana in the Interest of Toler, 263 So.2d 888 (La.1972). As evidenced by the trial judge's oral reasons for judgment, he concluded that the best interest of the child would be served by changing custody to the plaintiff rather *1317 than maintaining custody with the defendant.
The standard of appellate review applicable in child custody actions was recently reiterated in Bordelon, supra, where our Supreme Court stated:

"... in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determinationonly when there is a clear abuse of discretion. Fulco, supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is `clearly wrong'. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact."

After reviewing the instant record, we discern no abuse of discretion by the trial court and conclude that its decision is supported by the recent decision of our Supreme Court in Stephenson v. Stephenson, 404 So.2d 963 (La.1981).
We do not consider serious defendant's final argument in which he contends that the trial court's award of child support in the sum of $300.00 is excessive. Defendant alleges that the child support award is at variance with evidence received at trial. Specifically, appellant points out that plaintiff's affidavit of income and expenses shows that monthly expenses incurred on behalf of the child total the sum of $287.50. Simply put, defendant contends that the trial court committed reversible error in awarding to plaintiff a sum which is $12.50 in excess of plaintiff's estimated childcare expenses. Our courts have recognized that it is rarely possible to determine an award of child support precisely since it is difficult to calculate how much of joint expenses of a mother are spent on behalf of the child. Fall v. Fontenot, 307 So.2d 779 (La.App. 3rd Cir. 1975). In addition, the trial court is granted much discretion in fixing the amount of child support and its award will not be disturbed unless there is a clear abuse of discretion. Youngblood v. Youngblood, 329 So.2d 896 (La.App. 2d Cir. 1976); Janise v. Janise, 328 So.2d 711 (La.App. 3rd Cir. 1976), writ denied, 333 So.2d 233 (La. 1976). In the instant case, we conclude that there has been no clear abuse of discretion by the trial court in its award of child support.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant, Thomas E. Hord, Sr.
AFFIRMED.