445 So.2d 35 (1984)
Emile L. TURNER, Jr.
v.
Helen Ruth Gubbels TURNER.
No. CA-0988.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Rehearing Denied February 22, 1984.
Writ Granted April 23, 1984.
A.D. Freeman, of Satterlee, Mestayer & Freeman, New Orleans, for defendant-appellee.
*36 Cabral & Cabral, Harry R. Cabral, Jr., H. Craig Cabral, Metairie, Thomas M. Young, New Orleans, for plaintiff-appellant.
Before GARRISON, AUGUSTINE and LOBRANO, JJ.
AUGUSTINE, Judge.
Emile Turner, the plaintiff-father, appeals from a judgment of joint custody awarding physical custody to each parent individually in alternating years.
This custody dispute involves twin boys, Bret and Bert, who were born on October 9, 1976 to Helen and Emile Turner during their marriage. Helen and Emile were divorced in January of 1980. Since their divorce, several types of custody arrangements have been implemented. The original award of custody, in 1980, was to the mother, but it became necessary to change that award and give custody to the father, Emile, when she became ill.
In February of 1983 Helen filed a rule requesting joint custody pursuant to Article 146 of the Louisiana Civil Code. A judgment was rendered on this matter on March 14, 1983 granting Mrs. Turner's request for joint custody. Specifically, that judgment gave physical custody to the father during the school year and allowed the mother to have physical custody of the children for three weekends of each month and the summer.
Both Helen and Emile moved for a new trial. On April 11, 1983, an order was signed by the trial judge granting a new trial "reopening the joint custody matter." As a result of that order, a trial was had on April 14, 1983. On April 27, 1983, the trial court rendered a new judgment in this case. That judgment, which is the basis for this appeal, granted joint custody to the parents in the following manner:
The physical possession, care, custody and control of the twins is to be alternated annually between the two parents. The year shall begin on July 15th and end July 14th the following year, and the first year will start on July 15, 1983, at which time physical custody is to be with the mother, Helen Turner.
The non-custodial parent shall enjoy visitation with the children every weekend except for the first weekend of each calendar month from 6:00 P.M. on Friday until 6:00 P.M. on Sunday.
On appeal, Mr. Turner raises several issues, none of which merit a change in the judgment. Mr. Turner claims, first, that the trial judge erred in rendering a new judgment at the new trial; secondly, that there was no evidentiary basis for the adjudication of joint custody; and finally, that the trial court abused its discretion in awarding alternating annual custody.
Emile Turner's motion for a new trial was limited to arguments on his requests for two weeks of vacation time with the children in the summer, and that a court ordered restriction be placed on Helen Turner's visits to the twins at school. Helen Turner's motion for a new trial was not limited in any manner. The trial judge limited the new trial to "the joint custody matter." It is well settled that "the granting of a new trial even when limited to reargument, sets aside the original judgment." Lynch v. Lynch, 422 So.2d 703 at 705 (La.App. 3rd Cir.1982). In addition, "custody judgments unlike other ordinary judgments, are never final in the sense that they are always subject to review and modification by the courts, ..." Hord v. Hord, 407 So.2d 1314, 1316 (La.App. 3rd Cir.1982). Taking into consideration the fact that the first judgment had no legal effect once the new trial was granted, and the broad discretion trial judges have in modifying custody judgments, it is apparent that the trial judge did not commit an error in basing the judgment of April 27th solely on the facts presented at the new trial. The trial judge was well within his discretionary powers in rendering a completely new judgment.
Mr. Turner also raises the issue of whether joint custody is in the best interests of the children. As of the date of the judgment, article 146(C) of the Louisiana Civil Code stated, "There shall be a rebuttable *37 presumption that joint custody is in the best interest of a minor child unless ... (2) The court finds that joint custody would not be in the best interest of the child." Article 146 was amended by the legislature in 1983. That amendment took effect on August 30, 1983. While the amendment did not change the presumption of article 146, it did clarify the basis for a rebuttal of the presumption in favor of joint custody.
The amended version of Article 146 states:
... (2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the education and raising of the child in its religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute.
The evidence presented at trial regarding the aforementioned factors requires our affirmance of the joint custody order.
Of the enumerated factors, testimony presented as to several of them, (i.e., the love and affection between the parents and children; the ability of each parent to raise the children properlyemotionally and physically; the permanence of the father's and mother's homes; the parents' fitness; and the distance between the mother's home and the father's home) does not rebut the presumption of joint custody.
With regard to the stability of environment factor, it has been noted that, "[a] court should consider the prior history of the child's custody when asked to change custody. Generally, it might not be in the best interest of a child to be regularly moved from parent to parent. But this is a single consideration to be weighed with all other factors relevant to a determination of the best interest of the child." Bordelon v. Bordelon, 390 So.2d 1325, 1329 (La.1980) (emphasis added).
The trial court heard testimony regarding the mental health of the mother, Helen. That testimony indicated that her condition had been stable for some time.
There was also testimony presented regarding Bert's school record. That testimony revealed that Bert's record improved subsequent to the joint custody judgment of March 14, 1983. There was no evidence to indicate that Bert's progress would not continue.
With regard to "the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the children and the other parent"the evidence would seem to indicate that neither parent carried the burden of proving that he or she was better able to facilitate an ongoing relationship *38 with the other parent. Indeed, both parents were admonished by the trial judge for their negligence in carrying out this mutual responsibility. We agree with the trial court that each parent could be more cooperative in nurturing the children's relationship with the other parent.
Given the evidence that both parents have a deep love for Bret and Bert, that the mother's illness has stabilized, leaving her entirely capable of caring for the twins; and that both parents are quite capable of providing the children with comfortable home environments, it was well within the judge's discretion to have given lesser weight to the previous custody judgment and the stability of environment factor than he did to the other evidence presented at the new trial. Thus, we find that the judge was entirely within his discretion in awarding joint custody in this instance.
Finally, Mr. Turner avers that Article 146 does not mandate equal physical custody of minor children under a joint custody award. We agree, for as we have previously stated "We don't interpret joint custody to mean a fifty-fifty sharing of time." Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). However, while a joint custody award does not require equal physical custody, there is nothing in Article 146 which indicates that the judge acted contrary to the law, or in abuse of his discretion in making an award of equal physical custody in this case.
In conclusion, we find the trial judge acted in accord with present law and did not abuse his discretion in making this award of alternating annual physical custody.
For the foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.