450 So.2d 372 (1983)
James T. CLYNES
v.
Elaine L. Lowe, wife of James T. CLYNES.
No. CA-1100.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1983.
On Rehearing June 6, 1984.
*373 Charlotte A. Hayes, A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for plaintiff-appellee.
Melanie Kleinpeter Cooper, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and KLEES and BYRNES, JJ.
KLEES, Judge.
This is an appeal brought by Elaine Lowe Clynes (appellant) asserting that the court abused its discretion in its awarding of child support and a joint custody plan.
The litigation providing the basis for this appeal commenced in September of 1977, when James T. Clynes (appellee) and appellant separated. Since that time there have been protracted rules to increase and decrease child support, increase and terminate alimony, and partition of the community. Finally, on February 23, 1983, appellant filed a rule to increase child support. Appellee filed a rule to reduce the in globo child support award (as one of the minors had reached majority) and filed a rule to establish a Joint Custody plan with the remaining minor. On March 14, 1983 judgment was rendered granting the joint custody plan. Included in the plan, appellee was held responsible to pay the minor's school tuition, establish an allowance for the minor; pay or make available to the minor funds necessary for the purchase of clothing; maintain all medical and dental expenses for the minor; and pay the sum of $250.00 per month for her support.
After denial of a motion for new trial, this appeal was filed.
While appellant asserts that the trial judge committed manifest error regarding it's award of joint custody of the minor. We note that under LSA C.C. art. 146(C), "... There shall be a rebuttable presumption that joint custody is in the best interest of a minor child unless: (1) The parents have agreed to an award of custody to one parent or so agree in open court at a hearing for the purpose of determining the custody of a minor child of the marriage; or (2) The court finds that joint custody would not be in the best interest of the child...."
Appellant offered no proof whatsoever during the trial of the rule that appellee was an unfit parent or that joint custody would not be in the best interest of the minor child. Accordingly, we find no error in the trial courts award of the joint custody plan.
The primary issue in this appeal is the assertion that the trial court abused its discretion in its March 14th, 1983 award of *374 child support; specifically the cash award of $250.00.
In brief, appellant states and we agree that:
"In determining child support, the trial court is vested with wide discretion. Such a determination will not be disturbed by an appellate court unless a review of the record indicates that the trial judge abused that discretion.... Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir.1981)." Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982).
Articles 227[1] and 231[2] establish and our jurisprudence holds that:
Parents share the obligation of supporting, maintaining and educating their children and the degree of support is to be determined according to the need of the child and the ability of the parent who is to pay it. C.C. Art. 227 & 231; Graval v. Graval, 355 So.2d 1057 (La. App. 4th Cir.1978) DeMarcay v. De Marcay, 414 So.2d 845, (La.App. 4th Cir. 1982).
Further:
"... If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (La.1953); Sarpy v. Sarpy, 323 So.2d 851 (La.App. 4th Cir.1975); cert. denied, La. 328 So.2d 166 (1976); Phillips v. Phillips, 319 So.2d 566 (La.App. 4th Cir. 1975)." Ducote v. Ducote, 339 So.2d 835 (La.1976).
The transcript of the trial court record indicates that appellant attempted to establish that the requested amount of child support ($1700/month) is well within the financial means of appellee. Though a final figure indicating appellees annual income was never established it was stipulated to at trial that:
"Mr. Freeman: I would like to make another statement for the record if your Honor please. Dr. Clynes is well able to contribute his share of child support, tuition, and care of his daughter coincident with a man who makes in excess before taxes of $100,000.00 a year, which means ..." p. 22 transcript.
The court acknowledges the stipulation:
"The Court: I'm trying to tell you I have enough information. If Dr. Clynes is making allegedly what he makes in his corporation and I think this young lady is entitled to $1,700.00, whether she's in the same style of living or not, he can afford to pay." p. 57 transcript.
Obviously appellant adequately demonstrated to the trial court that appellee has sufficient income to support a child support award in the amount requested, ($1,700/month) she has not sustained the burden of proof necessary to establish a substantial change in circumstances from the March, 1981 judgment. When viewing the trial court's award of joint custody and those specific elements of the judgment holding appellee responsible for all of the minor's clothing purchases, allowance, school tuition and medical and dental needs, we can not say that the trial court was manifestly erroneous.
In calculating the amount of a child support award, the court must consider, the totality of all pertinent circumstances. Marcus v. Burnett, 282 So.2d 122 (La. 1973).
The trial judge is best suited to examine the testimony as it is given and his considerable discretion should not be undermined unless there appears to be a clear abuse of discretion. Further:

*375 "... it should be borne in mind that calculation of child support by a mathematical formula is impossible and that all of the varying facts and circumstances of each individual case must be taken into consideration in fixing the amounts awarded." Fall v. Fontenot, 307 So.2d 779, (La.App. 3rd Cir.1975).
Our reading of the record, however reveals that after presenting the joint custody plan, and while under cross-examination by appellant's counsel, appellee asserted that he would be willing to pay $350.00 cash per month as part of the plan presented. While the trial court only awarded $250.00 as the cash payment per month, we are constrained to accept the figure presented by appellee as part of the plan and amend the judgment to reflect this amount.
Accordingly, for the reasons expressed above, we amend the cash award of $250.00 per month to $350.00 per month, in all other respects, the judgment appealed from is affirmed.
AMENDED IN PART AND AS AMENDED AFFIRMED.
REDMANN, C.J., dissenting with written reasons.
REDMANN, Chief Judge, dissenting in part.
La.C.C. 146 D (as amended, Acts 1982 No. 307) declares that "`joint custody' shall mean the parents shall share the physical custody ...." Is a judgment that orders a child "shall reside with" the mother, with "visitation" to the father alternate weekends, a judgment ordering "joint custody"?
Or, by proposing that basic arrangement, has not the father "agreed to an award of custody to one parent," art. 146 C(1), namely the mother, thereby excluding the "rebuttable presumption" that joint custody should be awarded?
The "joint custody" judgment appealed from simply does not award joint custody within the meaning of C.C. 146 D. What it does is subvert C.C. 250's rule that the custodial parent is the child's tutor by nature. It awards custody to the mother but gives the father joint tutorship of the child and more. It makes the mother the custodial parent, but gives the father most of the parental authority. It makes the mother responsible for having the 12-year-old girl suitably dressed, but gives the father control of buying the girl's clothes. It makes the mother sit through the night with the child through toothache or flu, but lets the father decide when to call in a doctor, and what doctor to call. It makes the mother inculcate values, yet lets the father decide what allowance the child should have. Its final debasement of the custodial parent's authority is that it authorizes the 12-year-old child to dismiss the mother as custodial parent whenever it pleases the child, by providing additional visitation to the father whenever the child chooses.
A parent whose other interests make him or her unable (or unwilling) to "share the physical custody" as specified by art. 146D should be deemed, as a matter of law, equally unable to share the tutorship of the child.
The judgment appealed from should be reversed insofar as it awarded "joint custody" and gave the father joint tutorship, and especially insofar as it gave the father other authority over the child while in the mother's physical custody.
Evidently the trial judge shared the father's concern that the mother had been spending part of the former child support money on herself (or perhaps on their other two children, now of age). If so, the trial judge should fashion some remedy other than taking the mother's parental authority away. Perhaps the mother might be ordered to consider the father's view on what school the child is to attend, but the mother, as the custodial parent, should have the final decision although tuition might be billed directly to the father. A limit could be imposed on the amount to be spent for the child's clothes and the bills sent to the father for payment (or reimbursement), but the mother, as custodial parent, should have the authority to select the child's *376 clothes. The father could be ordered to pay an allowance directly to the child, but the mother should have the final authority to decide its amount (within reasonable limits). The mother alone, rather than mother and father as co-tutors, should select medical and dental doctors for the child and decide when a doctor is needed (although she could not reject without good reason doctors who may provide services as a professional courtesy to the dentist father). And, because it is the function of the trial judge rather than of the child to fix visitation, some definite schedule should be fixed rather than visitation "any other time [the child] may desire to visit with [the father]."
The majority's increase to $350 monthly for the father's contribution towards the child's food and other household expenses is reasonable and this writer therefore concurs in it, notwithstanding that the father's expressed willingness to pay that amount was reached at a time that the mother was unemployed while at trial time she had obtained employment at $16,000 a year.

ON REHEARING
KLEES, Judge.
We granted rehearing for the limited purpose of considering whether the joint custody plan imposed by the trial court complies with the intent of LSA C.C. 146 in light of the recent decisions in Adams v. Adams, 441 So.2d 490 (La.App. 2nd Cir. 1983) and Carroway v. Carroway, 441 So.2d 494 (La.App. 2nd Cir.1983).
Our main concern was the portion of the judgment stating that the minor child Elisha Clynes was to reside with the mother with visitation granted to the father from 6:00 P.M. Fridays to 6:00 P.M. Sunday, every other weekend or any other time the minor child may desire to visit with him.
While we might agree that the implementation of this joint custody plan leaves many questions unanswered, we can find none which would fit every circumstance or be agreeable in all respects between all the parties. We note that in the original plan submitted to the court by the father, it was suggested that the child remain living with the mother. In the mother's proposal submitted thereafter, it was suggested that "V. Elisha will reside with her mother, Elaine Lowe Clynes. She will visit with her father on every other weekend from 6:00 P.M. on Friday to 6:00 P.M. on Sunday, and at other times when Elisha and her father may agree." emphasis added.
In Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983) this court was faced with an interpretation of joint custody.
"We interpret `joint custody' to mean a physical sharing of the child in addition to both parents participating in decisions affecting the child's lifee.g., education, medical problems, recreation, etc....
... We don't interpret joint custody to mean a fifty-fifty sharing of time. Each case will depend on the child's age, the parents' availability and desires, and other factors...."
In considering all factors as presented by this record as well as the agreement of both mother and father concerning the physical custody of the child, we again find no error in the trial courts determination of physical custody of the minor.
REDMANN, C.J., dissents.
NOTES
[1] Art. 227. Parental support and education of children.

Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
[2] Art. 231. Basis for granting alimony.

Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.