LABORDE, Judge.
This is an action to reduce child support payments. Jack Roland LeBlanc, convoked a rule nisi commanding his former wife, Marlene King LeBlanc, to show cause why the monthly child support payments previously awarded in a divorce judgment should not be reduced. The trial court reduced the amount of the monthly payments from $500 to $400. Jack appeals, contending that further reduction is warranted. We affirm.
PACTS
Jack Roland LeBlanc and Marlene King LeBlanc were married on June 15, 1957 and five (5) children were born of the marriage. Marlene obtained a judgment of separation on March 23, 1982 awarding her custody of the two remaining minors, Donna, age 12, and Brenda, age 10. She was awarded monthly child support payments of $650, which were later reduced to $500. A divorce judgment was rendered on November 16, 1982, continuing Marlene’s custody of the minors and child support payments of $500 per month.
On March 8, 1983, Jack filed a rule nisi for a decrease in child support alleging a change in circumstances, in that he experienced a decrease in income. The trial court held that although the needs of the children had not decreased, Jack’s income had decreased. The court accordingly reduced the child support payments from $500 to $400 per month. Jack appeals from this reduction alleging that the reduced payments are still excessive. Marlene contends on appeal that the award of $500 per month should be reinstated.
ISSUE
The dispositive issue on appeal is whether the trial court abused its discretion in reducing the monthly child support payments by $100.
APPLICABLE LAW
LSA-C.C. article 227 provides that parents have a mutual obligation of support, maintenance and education of their children. The degree of support is determined by the needs of the children, as well as the circumstances of those who are obligated to pay it. LSA-C.C. arts. 230 and 231; Alexander v. Alexander, 417 So.2d 92 (La.App. 3rd Cir.1982). The amount which a parent is ordered to pay in fulfillment of his obligation to support his child must be determined in light of the totality of the *404 circumstances. Martin v. Brasseaux, 422 So.2d 548 (La.App. 3rd Cir.1982).
The trial court had originally ordered Jack to pay $650 per month pending separation. The amount was reduced to $500 following Jack’s termination from employment. Jack subsequently obtained employment on a commission basis with a net average monthly income of $1,120. He now contends that a severe recession in the summer of 1983 caused his salary to be reduced to a net average of only $981.15 per month. The trial court accordingly reduced the child support payments to $400 per month based on this change in circumstances. Jack argues that further reduction is warranted.
Marlene is now remarried and relies upon the present community to provide most of the support for the two minors. In her affidavit of monthly expenses, Marlene shows that $1,306.80 per month is currently expended for support of the minors. This places the major burden of support on Marlene and her second husband. Further reduction of Jack’s monthly payments of $400 would be inconsistent with the well established rule that parents must provide mutual support, maintenance and education for their children. Additionally, we find that Jack’s present salary is adequate to pay $400 per month in support of his children.
 Accordingly, we hold that the trial judge properly reduced Jack’s monthly support payments from $500 to $400 in light of his decreased income. However, we find no abuse of the trial court’s discretion in reducing the amount by only $100 since the needs of the children have not changed. The trial court is granted much discretion and its award regarding child support shall not be disturbed unless there is a clear abuse of discretion. Hord v. Hord, 407 So.2d 1314 (La.App. 3rd Cir.1981); Youngblood v. Youngblood, 329 So.2d 896 (La.App. 2nd Cir.1976). We find no abuse of discretion by the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.