KLEES, Judge.
This appeal is brought by the defendant, Susan Hawvermale Godchaux, who asserts that the trial court erred in its awarding of child support and custody of the parties’ two minor children.
The plaintiff, Leon Godchaux, III, and defendant, Susan Hawvermale Godchaux, were married in New York in 1969. In 1970, they established their matrimonial domicile in New Orleans. Two children were born of the marriage: Leon God-chaux, IV (Lion), now age 12, and Hope Godchaux, now age 8. The parties received a judgment of divorce on February 12, 1985, based upon living separate and apart for one year.
On April 12, 1985, the trial court awarded primary physical custody and control of the children to the father. The children would live with their father at the family residence for the balance of the 1985 school year. During the school year, the mother would have physical custody of the children on two weekends each month beginning after school on Friday, and concluding at 6:00 p.m., on Sunday. Also, the mother would be entitled to visitation with the children after school on Wednesdays until 8:00 p.m., for religious education. The court further ruled that the mother would have physical custody during the summer months, subject to the father’s visitation every other weekend. The court also ordered the father to pay child support of $100.00, per week during the summer months.
Subsequently, the mother filed a motion for new trial and the father filed a Rule to Determine Custody Implementation Plan and Rule to Establish Visitation.
The trial court denied the mother’s motion for a new trial on June 26, 1985. In that same judgment, the court amended its judgment of April 12, 1985, to provide for joint custody, with the same implementation schedule. (It had been the intent of both parties to stipulate to joint custody. The inclusion of the word “joint” was inadvertently omitted, but uncontested). Visitation rights during the summer, in favor *1232 of the father, were set to begin at 6:00 p.m. on Fridays and to conclude at 6:00 p.m. on Sundays. The court further provided for child support to be increased to $200.00 per week, subject to an offset for all sums paid by Mr. Godchaux for camp and babysitting expenses. The original school-year schedule established for the 1984-85 school year was continued to be in effect through the 1985-86 school year, and beyond, until modified by the court.
The mother now appeals arguing that the trial court erred in granting the father physical custody of the children for the school year, in failing to order a psychological evaluation, and in failing to award child support for the months of September through May.
The mother contends that the trial court erred in not adopting her proposed custody implementation plan, which provides for the children to be with one parent four days a week and the other parent three days a week, year-round. She argues that her plan provides for a more equal sharing of the children, which is in their best interest.
The father on the other hand, argues that such a plan would not be in the best interest of the children. He acknowledges that such a plan is feasible as the parties reside within five miles of another. However, he maintains that the mother’s custody plan would be detrimental to the children’s education. Testimony received from the children’s teachers showed that the children were disorganized and easily dis-tractable, and that they needed a stable and structured environment to learn. The trial court found that the plan suggested by the mother would not produce such a structured environment. The trial court concluded that the school year/summer visitation division was in the best interest of the children.
Joint custody has been defined to mean that the “parents shall, to the extent feasible, share the physical custody of the children of the marriage.” L.S.A.-C.C. article 146. However, joint custody does not require a physical sharing of the children on a fifty-fifty basis. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). In making an award of physical custody, the trial court must consider many factors including the length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity; and the home, school and community record of the child. C.C. Article 146(C). A trial court’s award of custody is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made. Everett v. Everett, 433 So.2d 705 (La.1983).
In the present case, there was sufficient evidence that a structured environment was needed by the Godchaux children during the school year. Further, the children had resided with their father during the time their parents were separated, except for the summer months when they visited their mother. Under these circumstances, the trial court did not abuse its discretion in awarding physical custody of the children to their father for the school year. Giving one parent custody for the entire school year is not an abuse of discretion and has been upheld as a valid joint custody plan. Plemer v. Plemer, supra; Krotoski v. Krotoski, 454 So.2d 374 (La. App. 4th Cir.1984).
The mother also argues that the trial court erred in failing to order psychological evaluations of the parents and their children to aid in its determination of physical custody. In 1984, the Louisiana Legislature amended Civil Code article 146 to provide for psychological evaluations. C.C. article 146(H) states that “In a custody or visitation proceeding, an evaluation may be offered on the motion of either party.” (emphasis added) We agree with the plaintiff’s argument that the Legislature’s use of the word “may” gives the trial court the discretion to grant or deny such a motion. The trial court conducted an extensive examination of the school’s principal as to the availability and use of mental health professionals at the children’s school. Based upon her testimony, and the testimony of *1233 the parties and other witnesses, the court concluded that psychological evaluations were not needed. We do not find that the trial court abused its discretion in denying the mother’s motion.
The mother’s final argument concerns the awarding of child support. The trial court ordered the father to pay child support of $200.00 a week during the summer months while the children are in the custody of their mother. The mother now seeks child support for the months of September through May, when the children are in the physical custody of their father.
Parents share the obligation of supporting, maintaining and educating their children and the degree of support is to be determined according to the need of the child and the ability of the parent who is to pay it. L.S.A.-C.C. articles 227, 231; Clynes v. Clynes, 450 So.2d 372 (La.App. 4th Cir.1983); Ducote v. Ducote, 339 So.2d 835 (La.1976). In making of determination of child support, the trial court must consider the totality of all pertinent circumstances. Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983), writ denied, 442 So.2d 453 (La.1983). A trial court’s determination of child support will not be disturbed absent an abuse of discretion. Du-cote, supra; Clynes, supra. While it is recognized that the mother does incur year round expenses in maintaining a home for the children, we must note that she also has the obligation to support her children whether they are in or out of her custody. In a similar case, the Second Circuit ordered the father to pay child support for the months he did not have custody of the child. No child support was awarded for the months the father had custody of the child. Cole v. Cole, 467 So.2d 872 (La.App. 2nd Cir.1985). We do not find that the trial court abused its discretion in awarding child support for the summer months only.
Accordingly, the trial court’s determination of custody and child support is affirmed. Further, the trial court’s denial of defendant’s motion for psychological evaluations is affirmed.
Affirmed.