505 So.2d 116 (1987)
Stephen C. ALDRICH
v.
Cara Sronges, Wife of Stephen C. ALDRICH.
No. CA-5765.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*117 John H. Wells, Wells & Breaux, New Orleans, for plaintiff-appellee.
Susan A. Kruse, Baton Rouge, for defendant-appellant.
Before CIACCIO, WARD and ARMSTRONG, JJ.
CIACCIO, Judge.
This is an appeal from a judgment determining child custody between separated parents. The mother complains that the judgment fails to implement a proper plan of joint custody, should not have required her to submit to a psychological interview, and fails to mention alimony pendente lite and child support as prayed for. We affirm the judgment and remand for a judgment on the requested alimony pendente lite and child support.
During the final third of the year 1984 Stephen and Cara Aldrich separated and underwent a period of physical upheaval. Eventually both parties gave up the matrimonial domicile in Madisonville. Stephen moved to New Orleans and there established his home. Cara stayed for a while with her parents in New Orleans, then moved to Hammond and there established her home.
The only child of the marriage, Morgan, was born on January 3, 1982. Following her parents' separation she spent a short time with her father, then a short time with her mother, then began living primarily in her father's home. With a certain degree of stability restored, Morgan began to stay with her father during the week, with her mother on the weekends from Friday evening until Sunday evening, and visited with her mother for approximately three hours on Wednesday evenings.
At the hearing to determine custody the parties stipulated that both were good parents and that joint custody would be in the best interest of the child. A psychologist who had interviewed Mr. Aldrich and had tested and evaluated Morgan testified that Morgan possessed above average intelligence for her age, was well adjusted psychologically, and demonstrated adequate maturation and social development. He further testified that Morgan manifested a positive attitude and close emotional bond to both parents. In his opinion the most important things for a child Morgan's age were stability and consistency. He thought that a continuance of the then current custody arrangement, modified slightly to allow for a bit more time together for Morgan and her mother, would be the best arrangement for Morgan's interests. He had conducted his interviews and testing in July of 1985, and testified at the hearing in October of 1985.
The trial court judgment provided that both parents shall have joint legal custody of Morgan, that her primary residence shall be in New Orleans with Mr. Aldrich who will be the primary custodial parent, and that she shall remain enrolled in the YWCA Day Care Center in New Orleans. This day care center had been chosen by Ms. Aldrich prior to the parties' separation. The judgment also required that Ms. Aldrich submit to an interview by the psychologist, cost of the interview to be paid by Mr.
*118 Aldrich. As to time arrangements for physical custody the judgment ordered the parties to agree on a summer of 1986 visit of four to six weeks duration between Morgan and her motherby now this aspect of the judgment is obviously moot. The judgment continued in effect the existing custody arrangement adding a schedule for alternating custody on certain annual holidays and making all medical, surgical, dental, and educational records for Morgan available to both parents and shared by each with the other parent.
The principal consideration in every child custody case is the best interest and welfare of the child ...
In performing its function of deciding custody cases the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court's better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The decision reached by the trial court in this case is not necessarily the decision that the individual judges of this court would have reached. Nevertheless, this court's function is not to substitute its collective decision for that of the trial court, but to review the decision for error of law.
Bagents v. Bagents, 419 So.2d 460, at 462-463 (La.1982).
We do not find that the trial judge erred as a matter of law. She heard expert testimony concerning Morgan's good current status and development, and the importance of stability and consistency to a child of Morgan's age. She rendered a judgment which reflects her concern for the best interest of the child, and places the child's legal custody jointly with both parents. "Joint custody" does not require a fifty-fifty physical sharing of the child. La.C.C. Art. 146; Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). And, that the judgment names one parent, in this case the father, as the primary custodial parent does not render the judgment erroneous as a matter of law. See Marionneaux v. Marionneaux, 494 So.2d 1318 (La.App. 2d Cir.1986) and Godchaux v. Godchaux, 488 So.2d 1230 (La.App. 4th Cir.1986).
La.C.C. Art. 146 allows the court to order an evaluation by a mental health professional. Dr. Fontenelle, the psychologist in this case, satisfies Article 146's definition of a mental health professional. Whether to order such an evaluation is within the court's discretion. Godchaux v. Godchaux, supra. We find no abuse of discretion in the trial court's order that Ms. Aldrich submit to an interview with Dr. Fontenelle. We will not, therefore, disturb that order.
In her brief, counsel for Ms. Aldrich complains that the trial court improperly limited her cross-examination of Dr. Fontenelle. The trial judge, either on her own or in response to an objection, did limit crossexamination of Dr. Fontenelle. We do not rule on whether this limitation was proper, however, because there was never any objection to the limitation nor any reasons offered as to why the limitation might be improper. Whenever the judge did not permit a question to be answered, counsel, without objecting or stating any grounds for complaint, just asked another question. In short, there was no instance during the hearing when counsel objected and stated the reasons therefor to a ruling of the court so that we could now review that ruling to determine whether it amounted to legal error. La.C.C.P. Art. 1635.
As a final matter we address the failure of the judgment to mention alimony pendente lite and child support. This matter came before the trial court for a hearing on Ms. Aldrich's "Rule to Establish Joint Custody Plan of Implementation, Child Support and Alimony Pendente Lite." Since the judgment makes no mention of child support or alimony pendente lite, we will remand the matter for the trial court to render judgment on these issues.
For the reasons assigned, the judgment appealed is affirmed. The matter is remanded *119 for judgment on Ms. Aldrich's claims for child support and alimony pendente lite.
Affirmed and Remanded.