511 So.2d 53 (1987)
Sharon Guidry DAUPHINE, Plaintiff-Appellee,
v.
Willie Shane DAUPHINE, Defendant-Appellant.
No. 86-687.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*54 Gauthier and Cedars, Ltd., Stanford B. Gauthier, II, Breaux Bridge, for plaintiff-appellee.
George W. McHugh, Jr., Martinville, for defendant-appellant.
Before FORET and KNOLL, JJ. and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge, Pro Tem.
This appeal arises from a trial court judgment ordering an increase in the amount of child support payments by the husband and sustaining an award of permanent alimony to the wife. The husband appeals and we affirm.
Willie Shane Dauphine and Sharon Guidry were married on June 11, 1977. One child, Dusty Michael, was born of the marriage on May 25, 1981.
*55 The couple was divorced on October 7, 1983. The divorce judgment awarded joint custody to the parties and named Sharon as primary custodial parent. Willie was ordered to pay $170.00 per month child support and $100.00 per month permanent alimony.
On December 10, 1985, Sharon filed a rule seeking an increase of child support. Willie also filed rules seeking termination of alimony and increased visitation rights.
The rules were consolidated for trial. The trial court rendered judgment increasing the child support payments to $350.00 per month. Willie's visitation rights were also expanded. The court further ordered continued payments of alimony to Sharon of $100.00 per month for a period of six months beginning March 1, 1986, and ending without further orders of the court.
Willie appealed from the judgment, alleging that the trial court erred:
(1) In granting an increase in child support when there was no showing that the child's needs had increased; and
(2) In failing to terminate the alimony to Sharon even though she was working and had increased her pay since the judgment of divorce.

INCREASE IN CHILD SUPPORT
LSA-C.C. article 227 imposes on parents a mutual obligation of support, maintenance, and education of their children. The degree of support is determined according to the needs of the child and the ability of the parent who is to pay it. Clynes v. Clynes, 450 So.2d 372 (La.App. 4 Cir.1983); Guinn v. Guinn, 405 So.2d 620 (La.App. 3 Cir.1981). The amount which a parent is ordered to pay must be determined in light of the totality of the circumstances. LeBlanc v. LeBlanc, 452 So.2d 402 (La.App. 3 Cir.1984).
In order to produce a change in child support determined in a judgment, the desirous party must show a change in the financial condition of one of the parties. Richardson v. Richardson, 428 So.2d 1326 (La.App. 3 Cir.1983).
Willie has been employed as a hoisting engineer for Union Pacific Railroad for a period of more than two years. His gross salary at the time of the hearing in February 1986 was $2,217.90 (average net, $1,750.00). He testified that at the time of the divorce hearing in 1983, he was making $900.00 per month at Alamo Explosives. Thus, he has more than doubled his salary since the time of the initial determination of child support.
We note that at the time of trial Willie was sharing his living expenses with a woman and her child with whom he was residing in a trailer.
Sharon is employed in a grocery store, Green's Easy Way, in Cecelia. Since the time of the first hearing, she added extra days to her workload and received a minimal raise. ($.25) Her total net income is $643.82 per month.
In his oral reasons for judgment, the trial judge noted that the costs of supporting the child had increased since 1983. He also emphasized that Willie's earning ability was considerably reduced at the time of the initial hearing, and that since then his ability to pay child support had significantly increased. After determining the needs of the child, the trial judge held that Willie had the ability to pay $350.00 per month in child support.
In fixing child support, the trial court is vested with wide discretion. The determination of the trial court with respect to child support will not be disturbed by an appellate court in the absence of manifest error. LeBlanc, supra; Clynes, supra; Guinn, supra.
After a review of the record, we conclude that Willie's income has increased significantly since the original award of child support was made in 1983. The increase of income fully supports the trial court's increase of child support to $350.00 per month. Richardson, supra. We find no abuse of discretion by the trial court.

TERMINATION OF ALIMONY
The standard by which entitlement to alimony after divorce is determined is set *56 forth in LSA-C.C. article 160, which provides in pertinent part:
"A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage."
The principal factor to be considered in determining a spouse's entitlement to permanent alimony is the relative financial positions of the parties. Lopez v. Breaux, 462 So.2d 1333 (La.App. 3 Cir. 1985). A spouse who seeks the modification of an alimony award bears the burden of showing that there has been a substantial change in circumstances of one, or both, of the parties. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1 Cir.1982).
The record reflects that Sharon is working in the same position as she was when the parties first appeared before the court. Since that time, she has slightly increased her workload and has been compensated with only a small raise.
In holding that Sharon was entitled to continued alimony payments, the trial judge stated:
"[T]o deprive her of the Hundred Dollars ($100.00) per month summarily might work a decided hardship on her which the Court wishes to avoid."
A reviewing court must give great deference to a trial court's determination of whether the spouse has shown a change of circumstances sufficient to modify or terminate an alimony award. Rhinehart v. Rhinehart, 475 So.2d 43 (La.App. 2 Cir. 1985), writ den., 477 So.2d 692 (La.1985). Such award will not be disturbed absent a clear abuse of discretion. Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3 Cir. 1984).
We conclude that Willie has not met his burden of showing that there has been a change in circumstances sufficient to terminate Sharon's alimony award. Routine salary increases do not constitute a "change in circumstances" sufficient to warrant termination of alimony. Huber v. Huber, 499 So.2d 1263 (La.App. 4 Cir.1986). We find no error in the trial court's determination.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant, Willie Shane Dauphine.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.