663 So.2d 266 (1995)
Brenda BERRY, Plaintiff-Appellee,
v.
Ernest R. BERRY, Defendant-Appellant.
No. 95-322.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*267 Mark Kramer, Leesville, for Brenda Berry.
Willie Banks Jr., Leesville, for Ernest R. Berry.
Before DOUCET, C.J., and YELVERTON and PETERS, JJ.
DOUCET, Chief Judge.
Defendant, Ernest Berry, appeals a judgment of the district court granting his former spouse, plaintiff, Brenda Berry, an increase in child support from $150.00 to $325.00 per month. We affirm.

FACTS
Plaintiff and defendant were married while defendant was stationed at Ft. Polk, Louisiana. Subsequently, Mr. Berry was transferred to Germany. Mrs. Berry joined her husband in Germany in March 1991. Mrs. Berry, who had been a civilian employee at Ft. Polk, was able to find a civil service position at her husband's new duty station. Thereafter, on April 8, 1992, a daughter, Brencia Renee Berry, was born to the couple.
Marital discord began to develop; and when Mr. Berry was reassigned to the United States, Mrs. Berry elected to stay in Germany, pursue her career, and seek a divorce. Mrs. Berry filed divorce proceedings on April 15, 1994, in Vernon Parish, the site of the parties' last matrimonial domicile in the United States. Mrs. Berry flew back to Leesville for the July 5, 1994, trial of the matter. Mr. Berry filed exceptions, his answer and a reconventional demand the morning the matter was set for trial. To avoid delay and the necessity of making another trip from Germany, Mrs. Berry agreed to accept child support in the amount of $150.00 per month. A judgment of divorce, containing the stipulated child support was rendered that same day and signed on July 29, 1994.
On October 3, 1994, Mrs. Berry filed the instant action which contained a motion to increase child support along with several matters dealing with separate and community *268 property. We have only the child support issue before us.

LAW AND DISCUSSION
The trial judge based his decision to grant plaintiff's rule to increase child support on what he found to be a change in circumstances necessitated by Mrs. Berry's job. Defendant argues that there was no change in circumstances and hence, the trial court erred. He also argues the court erred in considering the amount of child support he was paying for his children from a prior marriage; in finding Mrs. Berry's job was in jeopardy if she failed to make alternate child care arrangements; and in determining that the original award, which was consented to by Mrs. Berry and confirmed by the court, was inadequate. In as much as all of these allegations of error concern factual determinations by the trial court, subject to the manifest error rule, we shall consider them together.
La.R.S. 9:311(A) states as follows: "An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award."
In Towell v. Towell, 93-1610, at 4 (La.App. 3 Cir. 6/1/94); 640 So.2d 810, 813, a panel of this court stated the following:
A reviewing court must give great deference to a trial court's determination of whether the spouse has shown a change in circumstances sufficient to modify or terminate an alimony award. Dauphine v. Dauphine, 511 So.2d 53 (La.App. 3d Cir. 1987). Such an award will not be disturbed absent a clear abuse of discretion. Dauphine, supra.

The same standard holds true for child support awards.
In the case at bar, Mrs. Berry testified that problems with the child care arrangements she had at the time of the consent judgment arose when she was unable to leave work in time to pick up her daughter from the child care center by the hour the center demanded. She stated that because of this, she either had to make alternate arrangements or resign from her position. She further testified that her supervisor, who had an au pair, suggested this could be the solution to her child care problem. Mrs. Berry followed this suggestion and engaged an au pair, resulting in an increase in her child care costs from $425.00 to $716.67 a month.
Mr. Berry argues that it was error to find Mrs. Berry's job was in jeopardy if she failed to hire an au pair. Mrs. Berry testified that she either had to find alternate child care arrangements or find another job. She further testified that considering her work schedule and other job requirements (such as mandated travel), that an au pair was the best solution to her problem. There is no testimony in the record to refute her testimony. We find no error by the trial judge in his decision on this issue.
Defendant-appellant also argues, that Mrs. Berry knew of this predicament when she agreed to the $150.00 per month child care award in July 1994. There is no evidence in the record to substantiate this claim. We find defendant's argument on this point to be without merit.
As to the amount of child support awarded and the trial judge's consideration of the amount of child support defendant is paying for the children of his former marriage, we also find no error by the learned trial judge. La.R.S. 9:315.15 provides for a worksheet for the calculation of each spouse's child support obligation. Line 1.a of that worksheet instructs that preexisting child support obligations be subtracted from a spouse's monthly gross income to arrive at that spouse's adjusted monthly gross income. It is the latter figure which forms the basis for the calculation of a spouse's percent of child support owed to his/her child/children. Had the trial judge not considered these payments, the amount owed by the appellant in this case would have been significantly greater.
The record contains a completed child support obligation worksheet showing Mr. Berry's support obligation for Brencia to be $323.52 a month. The judge awarded Mrs. Berry $325.00 per month toward the support of the Berrys' minor daughter. We find the *269 difference between the calculated and the awarded amounts to be insignificant. We find no error on the part of the trial judge in the amount of his award.
Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellant, Ernest Berry.
AFFIRMED.