NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1564

STEPHANIE DAVINA CLARK

VERSUS

TREVINO CLARK, SR.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 77354
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Michael G. Sullivan, Judges.

**AFFIRMED.**

Shane Michael Mouton
Special Assistant District Attorney
P. O. Box 2609
Lafayette, LA 70502-2609
(337) 235-1778
Counsel for Plaintiff/Appellee:
State of Louisiana, Dept. of Social Services

**Edward B. Broussard**
**Attorney at Law**
**P.O. Box 7**
**Abbeville, LA 70511-0007**
**Counsel for Plaintiff/Appellee:**
**Stephanie Davina Clark**

**Lucretia Pecantte-Burton**
**P. O. Box 13738**
**New Iberia, LA 70562-3738**
**(337) 367-1779**
**Counsel for Defendant/Appellant:**
**Trevino Clark, Sr.**

**SAUNDERS, Judge.**

This is a request for a reduction in child support. The father is paying child support to the mother of his three children of whom she has sole custody. He claims that since the judgment, where he consented to the amount of child support he is to pay the mother, his income has been reduced significantly. As such, the father claims to be entitled to a reduction in the amount he pays in child support to the mother due to this material change in his circumstances.

The trial court found that the father failed to carry his burden of proving that a material change in his circumstances has taken place. We affirm the trial court's decision and assess all costs of appeal to the father.

**FACTS AND PROCEDURAL HISTORY:**

Trevino Clark, Sr. (hereinafter "the father") and Stephanie Clark (hereinafter "the mother") were divorced in a judgment rendered on March 12, 2002. Of the marriage, three children were born. The father was a jockey, earning nearly $40,000 per year at the time of the divorce, while the mother was working as a custodian, making approximately $12,000.00 per year. The mother and father signed an uncontested judgment that stated that child support payments would be from the father to the mother for $889.76 per month.

On May 4, 2006, the father filed a Motion for Reduction in Child Support. On June 27, 2006, a hearing was held on the issue of the Rule to reduce child support. At the hearing, the father testified that at the time of the judgment when child support was initially set, he made about $1,000.00 to $1,200.00 per week, but now only makes $300.00 per week. The father also testified that he made close to $15,000.00 last year as opposed to roughly $40,000.00 the year before.

According to the testimony of the father, the main reason for this drop in income was because he did not have the financial means to get transportation between his home and the racetracks where he practiced his trade. The father stated that if he had transportation to get to the track, he could make nearly the same money he used to make.

Testimony also revealed that the father had a fully paid for 1999 Dodge pickup truck. The father testified that it was the gasoline cost associated with using his truck that was preventing him from getting to the nearest racetrack. He testified that he lived about 30 minutes from the nearest racetrack and that it would cost him $20.00 per round trip in gasoline to get to and from the racetrack.

Testimony by the father also showed that he missed opportunities to perform his trade due to time he spent in jail. He testified that attorney's fees, court costs, etc., in addition to the child support payments and the lost time on the track, caused him to be unable to pay for gasoline for transportation to work.

The trial court ruled that the father had failed to carry his burden of proof necessary for a reduction in child support payments. The father appeals this ruling. We affirm the trial court's judgment.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court err by denying the father's Motion for Reduction in Child Support based on a finding that the father had failed to carry his burden of proving that a material change in his circumstances occurred that lessened his ability to pay?

**ASSIGNMENT OF ERROR #1:**

The father contends that the trial court erred in denying his Motion for Reduction in Child Support. We disagree.

2

Great deference is given to a trial court's finding whether a parent has shown a change in circumstances has taken place necessitating a modification of a child support award, and absent an abuse of discretion, that finding will be upheld. *Berry v. Berry*, 95-322 (La.App. 3 Cir. 10/4/95), 663 So.2d 266.

Louisiana Civil Code Article 142 provides, "[a]n award of child support may be modified if the circumstances of the child or either parent materially change and shall be terminated upon proof that it has become unnecessary." Louisiana Revised Statute 9:311(A) provides, "[a]n award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." The burden of proof is on the party seeking to modify the already existing order for child support to show that a change in circumstances has taken place. *Young v. Young*, 95-1154 (La.App. 3 Cir. 4/17/96), 673 So.2d 1154.

Therefore, in order for us to find that this assignment of error has merit, we must find that the trial court was unreasonable in finding that the father did not carry his burden of proof in his Motion for Reduction of Child Support. After a thorough review of the record, we cannot find that the trial court abused its discretion.

The father put forth no evidence that his income had materially changed other than his own self-serving testimony. While the father's testimony indicates that he may have suffered a significant drop in income, it is within the trial court's discretion to accept or reject the testimony of the father. Absent any other evidence, for instance, *inter alia*, the father's income tax returns, we find nothing in the record corroborating

3

the father's testimony that moves us to find that the trial court abused its discretion in finding that the father failed to carry his burden of proof.

The father contends in brief that it is common knowledge that Hurricanes Katrina and Rita hit Louisiana in the year 2005 and two racetracks where he raced, Evangeline Downs and Delta Downs, were affected by those storms. While this may be true, the father, in his own testimony, makes no mention of the hurricanes as a reason for his drop in income. The only mention of the two hurricanes in the record is by the trial court where he correctly stated that the father made no mention of the storms as a reason for his drop in income.

Rather, the father testified that his lack of transportation between his home and the nearest racetrack is the sole cause of his drop in income. However, this lack of transportation is not for lack of a vehicle to use but for lack of funds to pay for fuel to use his fully paid for 1999 Dodge pickup truck. If the only thing preventing the father from earning roughly $40,000.00 per year is the $20.00 in fuel a day to get to and from the racetrack, we find no reason for the father to be unable to obtain these funds through sources other than lessening his responsibility to help support the children he has fathered.

Moreover, the trial court correctly points out that the father's lack of transportation is of his own doing. The father testified that economic hardship is to blame for his lack of transportation. However, this economic hardship was intensified by the fact that the father spent time in jail. Further, there is evidence in the record that the father's mismanagement of money was also a prominent reason for the economic hardship he suffered.

4

Therefore, we find that this assignment of error lacks merit. There is no evidence in the record that the trial court abused its discretion in finding that the father failed to carry his burden of proving that circumstances have changed and that a reduction in child support is warranted. We affirm the trial court's judgment as such.

**CONCLUSION:**

We affirm the trial court's determination that the father failed to carry his burden of proving that circumstances have changed and that a reduction in child support is warranted. The costs of this appeal are assessed to the father.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.