BOUTALL, Judge.
On the application of Nolan A. Marshall for writ of certiorari or review of an adverse decision of this court, 390 So.2d 1365, the Supreme Court ordered the following, 396 So.2d 1329:
“Granted. The case is remanded to the Court of Appeal to consider the plea of prescription filed and received by this Court and to consider any other relief appropriate."
In consideration of the plea of prescription filed and received by the Supreme Court, we refer to Code of Civil Procedure, Article 2163 which provides that “The appellate court may consider the peremptory exception filed for the first time in that court * * * * (emphasis ours)”. Although we interpret that article to mean that the appropriate appellate court in which the exception is filed is the one that may consider the exception, apparently by virtue of this order, the Supreme Court has either amended Article 2163 or has interpreted it in some manner beyond the plain wording of the Article. Nevertheless, that Court does have supervisory jurisdiction over this Court and we certainly do not presume to pronounce upon the jurisdiction of the Supreme Court. Accordingly, we shall consider the plea of prescription filed in the Supreme Court in accordance with that mandate.
At the outset, we have considered our prior decision on the question of prescription, and we conclude that it is correct, and that it is in accordance with existing law. Referring however to the plea of prescription as if it were filed in this court, or in the trial court, we conclude that the evidence shows that there were no payments of alimony or child support made by Nolan Ambrose Marshall to Mildred Badie Marshall from April, 1973 to the date of trial of the rule for back alimony. Since Civil Code Article 3538 provides a three year prescriptive period for such a claim, the claimant is entitled to recover alimony due in the period three years prior to filing of her rule.
The amount of alimony was set in a judgment of July 15, 1960 payable to “his wife, for her support and the support and maintenance of the minor children, alimony in the sum of $155.00 per month, payable in equal installments of $77.50 on the 2nd and 17th days of each month. In addition the husband to pay Homestead Installments promptly when due.” The trial judge noted that the Homestead note was $90.57 making a total of $245.57 per month. However the trial judge also attempted to apportion the 1960 judgment into one third of the amount to the wife and two thirds for the children. He then concluded the wife’s share to be $81.86, with 39 months due as of the date of the rule, awarding accrued alimony in the amount of $3,192.52. In our previous judgment we have stated that the trial judge could not so apportion the alimony and that, there being no agreement between the parties to change, the alimony must stand at the rate of $245.50 per month. Dubroc v. Dubroc, 380 So.2d 672 (La.App. 1980); Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir. 1980).
We conclude then that Mrs. Marshall is entitled to the sum of $9,577.23, representing the sum of $245.57 a month for 39 *1255 months, and that the judgment of the trial court, as well as our prior judgment, should be amended accordingly.
In response to the second part of the mandate to the Court of Appeal: “To consider any other relief appropriate.”, we do not consider any other relief appropriate.
Accordingly, we amend our prior decree to read as follows:
“For the reasons assigned above, the judgment of the trial court is hereby amended insofar as to provide past due alimony executory in the amount of $9,577.23, plus legal interest beginning from the date when each alimony payment was due until paid, plus $1500 in attorney’s fees to the appellant and to provide future alimony in the amount of $500 per month, and as amended the judgment is affirmed.”

AMENDED AND RENDERED.

SAMUEL, J., dissenting.