631 So.2d 114 (1994)
Todd Douglas RICHARDSON, Plaintiff-Appellee,
v.
Karen Lewis RICHARDSON, Defendant-Appellant.
No. 93-575.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*115 John K. (Mike) Anderson, Leesville, for Todd Douglas Richardson.
Richard Alan Morton, De Ridder, for Karen Lewis Richardson.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
LABORDE, Judge.
Defendant-appellant Karen Lewis Richardson appeals the trial court's judgment reducing her monthly alimony payment from $332.00 per month to $200.00 per month. We reverse and remand the alimony award, finding the trial court incorrectly applied the legal standards used to modify an alimony award, but affirm the remainder of the trial court's award.

FACTS
Plaintiff Todd Richardson married defendant Karen Lewis on September 26, 1981. One child was born during their marriage, Kandyse Michelle Richardson. The parties were legally separated August 21, 1989, and their divorce became final May 23, 1990. In the divorce decree, the parties stipulated that Todd was to pay Karen $418.00 per month for child support and $332.00 per month for alimony.
On April 2, 1992, Todd filed a rule seeking to reduce or terminate the child support and alimony payments.[1] Karen filed a counterrule on August 10, 1992, seeking to collect unpaid medical expenses, child support, alimony, attorney's fees and sanctions. At the conclusion of the September 14, 1992 trial, the court ruled that the alimony award should be reduced from $332.00 per month to $200.00 per month, beginning October 1, 1992, due to Karen's earning $200 more per month than she did at the time of her 1990 consent judgment. Written reasons for judgment were filed into the record on March 15, 1993.

ASSIGNMENT OF ERROR
Defendant-appellant alleges only one assigned error, that the trial court erred in reducing Karen's alimony from $332.00 to $200.00.
A trial court's reduction of alimony should not be overturned or modified by an appellate court absent a clear abuse of discretion. Nunally v. Nunally, 571 So.2d 874 (La.App. 3 Cir.1990); Davis v. Davis, 601 So.2d 805 (La.App. 3 Cir.1992). Cf. Dabney v. Dabney, 603 So.2d 786 (La.App. 1 Cir.), writ denied, 607 So.2d 563 (La.1992) (reduction of wife's permanent alimony reversed on appeal; manifestly erroneous). In the present case, the trial judge correctly concluded that Karen's change in circumstances permitted Todd to reopen the record; however, our review of the law and evidence leads us to conclude that the judge clearly did not apply the correct legal standards when he actually reduced the permanent alimony award.
LSA-R.S. 9:311 provides the standard to be applied in determining whether an increase *116 or reduction of support may be considered.
§ 311. Reduction or increase in support, change in circumstances
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
This rule applies with equal force to an alimony award established by a consent judgment. Russell v. Russell, 520 So.2d 435 (La. App. 3 Cir.1987); Vest v. Vest, 579 So.2d 1190 (La.App. 5 Cir.), writ denied, 586 So.2d 564 (La.1991).
Although the judge correctly notes that a change in circumstance of either party is necessary to modify an alimony award, in determining the amount to which Karen was entitled the judge incorrectly considered only the income of one of the two parties, and considered the expenses of neither. Although Karen had increases in her income since the judgment of divorce, her monthly expenses also increased.[2] Meanwhile, Todd was in a better position than at the time of the original stipulation due to his second marriage. As a consequence, without our voicing any opinion as to the eventual outcome, the trial judge clearly abused his discretion, albeit no doubt in good faith.
The judge failed to take into consideration Todd's improved financial position in comparison to what it was at the time of divorce, when the original alimony award was stipulated to by the parties, due to his remarriage and his new spouse's significant income.[3] In determining a contributing spouse's property and earnings for purposes of calculating alimony, income from all sources, including that of the second spouse, should be taken into consideration because that spouse shares in the joint obligation to contribute to their support and living expenses. Marshall v. Marshall, 390 So.2d 1365, 1372 n. 3 (La.App. 4th Cir.1980), writ granted 396 So.2d 1329 (La.1981), on remand, 399 So.2d 1253 (La.App. 4 Cir.1981). See also Lewis v. Lewis, 510 So.2d 707 (La.App. 1 Cir.), writ denied, 513 So.2d 1213 (La.1987), (providing spouse's request for reduction of alimony denied despite an alleged decrease in income; after remarriage the court took into account the $12,000 per year income of the new spouse).
Also, in his written reasons, the trial judge incorrectly considered the fact that Karen received title to the family home since the original stipulation of alimony, supra note 1, in determining her alimony award. This factor cannot be considered in awarding alimony for two reasons. First, a spouse is not required to sell non-liquid assets to support himself or herself. Vest v. Vest, 579 So.2d 1190 (La.App. 5 Cir.), writ denied, 586 So.2d 564 (La.1991). Second, the supporting spouse cannot claim that the recipient spouse has experienced a change in circumstance due only to non-payment of support. See, e.g. Kirby v. Kirby, 579 So.2d 508 (La.App. 4 Cir.), writ denied 582 So.2d 1308 (La.1991) (court rejected contributing spouse's claim that garnishment of wages for past-due support constituted change in circumstances justifying reduction of support). Karen received Todd's interest in the title to the family home in a previous stipulation as payment for Todd's past-due support, and Todd's non-payment of support should not be used to show that Karen is in a better position.
*117 Therefore, although we respect the trial court's findings of fact, we find that the trial judge incorrectly applied the law concerning modification of alimony. We remand this case so that the trial court may properly consider the incomes and expenses of both parties, including the income of Todd's second wife.
The alimony award should not be considered de novo, as the instant case is not a de novo consideration of alimony, but merely a modification of a previous alimony award which was stipulated to by the parties.

DECREE
The trial court's alimony award is reversed and remanded for a reconsideration of the amount of alimony to which Karen Lewis Richardson is entitled, in accordance with this opinion. The trial court is affirmed as to the award of attorney's fees, reimbursement for medical bills and delinquent support. Costs of this appeal are assessed to plaintiffappellee, Todd Douglas Richardson.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] The present controversy actually concerns the third rule filed by Todd. On November 7, 1990, Todd filed his first rule to reduce or terminate the child support and alimony, and Karen filed a counter-rule for past due child support and alimony. On December 18, 1990, a judgment was rendered based on the stipulation of the parties, that Todd was to continue paying child support and alimony without a change in amount payable. Further, by stipulation, the court ordered Todd to sign over his interest in the former community home to Karen in settlement for the past due sums owed by Todd, with Karen to assume the first and second mortgages on the house.

On June 6, 1991, Todd filed another rule to reduce his alimony obligation and Karen filed a counter-rule to increase the child support and alimony payments. In a judgment rendered on July 8, 1991, the parties stipulated to a continuation of the child support and alimony in the same amounts without change.
[2] In an affidavit submitted by Karen in March of 1990, Karen submitted that her monthly gross income was $565.25 and her total monthly expenses were $1,353.52. In November, 1990, an updated affidavit declared her gross monthly income to be $690.25 and her total expenses to be $1416.63. Her revised affidavit filed September 14, 1992 showed a monthly gross income of $731.92 and expenses of $1558.53. Her affidavits concerning her income demonstrate that since the date of the original award her expenses have increased by approximately $200 as well.
[3] Although the income of Todd's second spouse does not directly affect the alimony award, it does affect Todd's monthly obligations, as it reduces the amount Todd has to pay for housing, food, utilities, etc. In 1989, Todd's gross annual income was $31,202.63; in 1990, Todd and his second wife had a combined annual income of $53,510.00; in 1991, they had a combined annual income of $59,185.00.