649 So.2d 637 (1994)
Stanley L. CHATELAIN, Plaintiff/Appellee,
v.
Lucy Dozier CHATELAIN, Defendant/Appellant.
No. 94-583.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*638 Keith Wayne Manuel, Marksville, for Stanley J. Chatelain.
William Joseph Bennett, Marksville, for Lucy Dozier Chatelain.
Before DOUCET and PETERS, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
The issue presented by this appeal is whether a former spouse's conversion of a non-liquid asset, the former community home, into cash is, in and of itself, a sufficient change in circumstances to warrant the termination of permanent alimony. We find under the circumstances presented herein that it is not, and we reverse the trial court ruling to the contrary.
Stanley and Lucy Chatelain were divorced on August 16, 1991, after 45 years of marriage. Prior to the divorce, the parties entered into a community property settlement in which Lucy was awarded sole ownership of the family home after purchasing Stanley's former community interest therein. The judgment of divorce ordered Stanley to pay Lucy $600 a month in permanent alimony, and there is no evidence of any arrearages in this obligation.
On January 7, 1994, Lucy sold the former community home for $66,500 cash. Lucy, who is 70, testified that she sold the home because it was located in a remote area, and her ill health made it difficult for her to get around. She planned to use the proceeds from the sale to build a new house in a more populated area that was also closer to her daughter's home. She had obtained estimates and building specifications from a contractor but was waiting for the outcome of these proceedings before beginning the project.
On January 19, 1994, two weeks after Lucy sold the home, Stanley filed a rule to terminate or decrease permanent alimony, alleging as the only change in circumstances the sale of the home. Lucy responded with a rule to increase alimony, alleging that she is no longer able to work because of her ill health and that her expenses have increased and that Stanley's income has increased.
There has been little change in both parties' financial situation since alimony was originally fixed in 1991. Stanley has received some scheduled increases in his monthly pension income but has had increased medical expenses. Lucy has also had additional medical bills as well as a loss of approximately $300 a month from seasonal employment that she is no longer able to perform because of her ill health. She has incurred an additional rent expense of $300 per month, but she will no longer have this expense if she builds her new house. Currently she is receiving approximately $175 a month in interest on the proceeds of the sale of her home.
The trial court found, and we agree, that these changes in the parties' income and expenses are not sufficient to warrant either an increase or termination of alimony. However, the trial court concluded that Lucy no longer needed maintenance from her former husband because of her increase in liquid assets due to the sale of the home.
To prevail in an action to modify an alimony award, the plaintiff must prove a change in circumstances, either in his own or *639 the defendant's, from the time of the divorce to the time the motion is filed. Dabney v. Dabney, 603 So.2d 786 (La.App. 1st Cir.), writ denied, 607 So.2d 563 (La.1992). Generally, the conversion of a non-liquid asset, such as the family home, into a liquid asset has not been considered to be such a change in circumstances. See O'Brien v. O'Brien, 308 So.2d 333 (La.App. 1st Cir.), writ denied, 311 So.2d 262 (La.1975); Romero v. Romero, 463 So.2d 768 (La.App. 3rd Cir.), writ denied, 465 So.2d 735 (La.1985); Davis v. Davis, 445 So.2d 121 (La.App. 2d Cir.1984).
In Romero, this court reversed a judgment decreasing the wife's alimony, finding that the conversion of one asset, the family home, into cash was not in and of itself a change of circumstances. Here, the only significant change in Lucy's circumstances is the receipt of the funds from the sale of her home. This change is only temporary, however, as this liquid asset will soon be converted to its original formreal estate.
Even if Lucy did not intend to rebuild, the jurisprudence would be in her favor. In Davis, the court refused to reduce the wife's alimony after she had sold the home and, instead of rebuying, invested the proceeds with a favorable interest return. In Davis, the court stated:
While the statute [now La.C.C. art. 112] directs that the liquidity of assets be considered by the court in determining whether a modification of alimony may be warranted, the court is not limited in considering and weighing all relevant factors and circumstances of the individual case. In some circumstances, liquidity alone may be controlling while in others it may not.
445 So.2d 122.
As the trial court recognized, Lucy, at age 70, is not a subject for rehabilitation. Her ill health has resulted in a decrease in her income, while Stanley's income has slightly increased. Her assets have remained substantially the same as they were at the time alimony was originally fixed except that for the moment she has a liquid sum instead of her home. Although the trial court did not specifically state it, it is apparent that he found no real change in Lucy's circumstances or in Stanley's ability to provide the necessary support owed to his former wife. Following the jurisprudence cited above, we must conclude that Stanley has not proved that he is entitled to a reduction or termination in alimony.
For the above reasons, the judgment of the trial court is reversed. Cost of this appeal are assessed to appellee, Stanley Chatelain.
REVERSED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.