| iPETERS, Judge.
This appeal arises out of a judgment on a Rule to Decrease and/or for Termination of Alimony filed by Joseph Maturin against his former wife, Theresa Poirier Maturin. The trial court reduced Mr. Maturin’s alimony obligation from $750.00 per month to $300.00 per month. Mr. Maturin appeals the trial court’s failure to terminate the alimony obligation.
DISCUSSION OF THE RECORD
Joseph Maturin and Theresa Poirier Matu-rin were divorced by judgment rendered on April 25, 1988. The judgment ordered Mr. Maturin to pay Ms. Maturin $750.00 per month in permanent alimony, and the record before us suggests that the alimony award was a consent judgment.[1] On November 21, 1995, Mr. Maturin filed the instant rule, seeking a decrease in or termination of his alimony obligation. In his rule, Mr. Maturin alleged, among other things, that he had retired from his occupation |2and that therefore he had experienced a significant decrease in income since the original judgment.
The matter was submitted to a hearing officer, who recommended that the permanent alimony be reduced to $300.00 per month. Subsequently, a hearing on the matter was held before the trial court. Mr. Maturin testified that at the time the alimony judgment was originally rendered, he was earning over $4,000.00 per month. He has retired and, according to him, now receives $960.00 in social security benefits and $204.00 in retirement benefits monthly. However, he also admitted that when he retired, he re *470 ceived $38,000.00 from his employer, which he claimed to have lost gambling at a casino. Additionally, since his retirement, he has built a new house at the cost of $45,000.00. Mr. Maturin claimed to have no savings, but he acknowledged that his current wife receives over $400.00 monthly in social security benefits.
Ms. Maturin testified that she holds two jobs, which produce a combined monthly gross income of about $2,200.00 and net income of about $1,500.00. She also testified that her monthly income at the time the alimony judgment was rendered was about $1,500.00 a month “or something like that.” According to Ms. Maturin, her monthly expenses exceed $2,500.00, and she does not own a house or any other real estate. She did not object to the hearing officer’s recommendation that-the alimony be reduced to $300.00 per month.
The trial court concurred with and confirmed the healing officer’s recommendation and rendered judgment reducing the alimony obligation to $300.00 per month. Mr. Matu-rin appeals that judgment, contending that the trial court erred in failing to terminate alimony payments entirely.
OPINION
La.Civ.Code art. 112(A)(1). provides in part:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and Learnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.
Mr. Maturin contends that the issue of whether Ms. Maturin has sufficient means was not addressed by the trial court. He contends that although the trial court granted a reduction, no alimony should be paid since Ms. Maturin is earning nearly twice as much in gross income as he is earning.
In order to prevail in an action to modify an alimony award, the party seeking to modify the award must prove a change in the circumstances of either party from the time of the award to the time of the alimony rule. La.R.S. 9:311(A); Chatelain v. Chatelain, 94-583 (La.App. 3 Cir. 11/2/94); 649 So.2d 637; Mitchell v. Mitchell, 626 So.2d 571 (La.App. 3 Cir.1993), writ denied, 93-2877 (La.1/28/94); 630 So.2d 792. This rule also applies to an alimony award established by a consent judgment. Richardson v. Richardson, 93-575 (La.App. 3 Cir. 2/2/94); 631 So.2d 114. An appellate court should not overturn or modify a trial court’s reduction of alimony, absent a clear abuse of discretion. Id.
While the record does not disclose whether Mr. Maturin’s retirement was voluntary, we note that voluntary retirement alone does not allow a termination of alimony payments to a spouse whose needs have remained the same. See Mitchell, 626 So.2d 571. Rather, permanent periodic alimony shall be revoked in the event it becomes unnecessary. La.Civ.Code art. 112(A)(4). The obligor spouse is entitled to full revocation of permanent alimony only if he proves that, considering the totality of the circumstances, the obligee spouse is no longer in need. Rhinehart v. Rhinehart, 475 So.2d 43 (La.App. 2 Cir.), writ denied, 477 So.2d 692 (La.1985). Being in necessitous circumstances is a continuing requirement for entitlement to alimony, and the court will favorably consider any change in the obligee spouse’s position toward the obligor spouse’s request for termination. Id. However, proof of a change in the obligor spouse’s position does not permit unbridled examination of the obligee |4spouse’s need when that need, although perhaps originally absent in a practical sense, has been confessed judicially in a consent judgment. Id. The distinguishing feature of a consent award is that the obligor spouse has judicially confessed that the position of the obligee spouse at the time of the award constituted need under the then-existing facts. Id. When the obligee spouse’s position remains essentially unchanged since the award, the obligor spouse cannot dissolve the adjudicatory effects of his consent and rely solely on the obligee spouse’s large amount of assets and income to support an allegation that the obligee spouse is no longer in need. Id. The trial court has discretion to decide whether the *471 obligor spouse has shown a change in the obligee spouse’s circumstances sufficient to allow a reconsideration of the obligee spouse’s means of support. Id.
In this case, the trial court apparently found either that Ms. Maturin was still in necessitous circumstances or that there had been no significant change in her circumstances since the original judgment, as it did not terminate the alimony award. We find no abuse of discretion in the trial court’s determination in this regal'd. Ms. Maturin testified that she has a monthly net income of about $1,500.00 and monthly expenses exceeding $2,500.00. From an exhibit in the record and a prior minute entry, it appears that at the time of the prior judgment, Ms. Maturin’s monthly gross income was $1,200.00; her net income was $878.91; and her expenses were $1,970.00.
In Rhinehart, the former husband’s earnings had decreased about forty percent and the former wife’s financial circumstances had improved slightly since the time of the original alimony award.[2] The former husband sought to terminate or reduce the permanent alimony. The trial court reduced the original alimony award but failed to terminate it. The second circuit found that the trial court correctly reduced the |5permanent alimony solely on .the basis of the change in the former husband’s circumstances. However, the second circuit found that the trial court had acted within its discretion in refusing to terminate permanent alimony to the former wife, notwithstanding her apparent absence of need in the practical sense, in light of the former husband’s judicial admission of the former wife’s need and the absence of a showing of a change in the former wife’s circumstances. Specifically, the court stated:
We find then that the trial court correctly refused to consider the wife’s [relatively unchanged] financial status in this recent comparison of the parties’ positions. Mr. Rhinehart’s reduced income, which is the basis of the trial court’s judgment, is a change in his circumstances that may warrant termination or modification of the award, depending on the degree of the change. As long as Mr. Rhinehart has'the ability to pay, however, a change in his income, as we have tried to explain, may not be used to assert that Mrs. Rhinehart is “no longer in need.”
Id. at 47.
In the instant case, although Ms. Maturin’s income has increased somewhat since the time of the original judgment, her expenses have also increased, and she will experience a reduction in alimony to $300100 per month. Additionally, it appears that Mr. Maturin is in arrears on his alimony payments, although testimony at the hearing did not disclose the exact amount of the arrearages. Under the facts of this case, we do not find that the trial court abused its discretion in refusing to terminate alimony. Without more, we do not find that Mr. Maturin has met his burden of showing a change in Ms. Maturin’s position sufficient to allow reconsideration of her means of support.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court. We assess costs of this appeal to Joseph Maturin.
AFFIRMED.

. The minutes suggest that the alimony matter was orally stipulated to by counsel for the parties, although it is not clear whether the stipulation was in reference to alimony pendente lite or permanent alimony. The record also contains a document entitled "Minute Entry” that indicates that the alimony award was a consent judgment, although this "Minute Entry” appears to be reasons for judgment on a prior Motion to Reduce and/or Eliminate Alimony filed by Mr. Maturin on April 18, 1989.

. Rhinehart, 475 So.2d 43, involved former La. Civ.Code art. 160, which was redesignated as La.Civ.Code art. 112 pursuant to Acts 1990, No. 1008, § 8, effective January 1, 1991, and Acts 1990, No. 1009, § 10, effective January 1, 1991. Any differences between former La.Civ.Code art. 160 and current La.Civ.Code art. 112 are not implicated in the issue now before us.