JjDOUCET, Chief Judge.
Plaintiff, Luther J. Desoto, appeals a judgement of the district court dismissing his Rule For Termination And/Or Reduction Of Alimony and ordering him to continue to pay $300.00 per month in alimony to his ex-wife, Carmen Gerhardt Desoto. We affirm the judgment of the district court.
FACTS
Luther and Carmen Desoto were divorced on May 18, 1990, after approximately twenty-nine years of marriage. The divorce decree found Carmen free from fault and ordered Luther to initially pay $900.00 per month in alimony. That amount was later reduced to the present payment of $300.00 per month. In what *155 | ¡>appears to be a separate proceeding, dividing the community assets, Luther was ordered to pay Carmen $10,000.00 at the rate of $100.00 per month. No interest was assessed in the community property settlement.
Following their divorce, Carmen moved to Harahan, Louisiana, and obtained employment with the U.S. Corps of Engineers as a GS-6, Safety Technician. She remains so employed, at the same level, today. Carmen testified that the only raises she has received since beginning to work have been cost-of-living increases, which amount to approximately 2.3% per year. Ms. Desoto is currently a fifty-nine year old high school graduate with very little prospect of improving her situation in the work force. She is an insulin dependent diabetic who also suffers from high cholesterol and coronary heart disease.
Luther, who is fifty-five years old, has worked for International Paper Corporation for the last twenty-four years. Mr. Desoto is a school trained mechanic who is currently employed as a Process Manager in International Paper’s maintenance department. He currently makes a little over $5,000.00 per month and states he is seeking the termination or reduction in alimony so that he can retire. He states that he suffers from arthritis and “bronchial problems.” He testified that upon retirement wis income will fall to $1,488,59 per month. He further testified that Carmen has a vested interest in his retirement which is probably worth more than the $300.00 she is currently receiving.
LAW AND DISCUSSION
In Maturin v. Maturin, 96-808, p. 3 (La.App. 3 Cir.12/11/96); 685 So.2d 468, 470, unit denied, 97-0121 (La.3/21/97); 691 So.2d 82, a panel of this court stated:
In order to prevail in an action to modify an alimony award, the party seeking to modify the award must prove a change in the | ..¡circumstances of either party from the time of the award to the time of the alimony rule. La.R.S. 9:311(A); Chatelain v. Chatelain, 94-583 (La.App. 3 Cir. 11/2/94); 649 So.2d 637; Mitchell v. Mitchell, 626 So.2d 571 (La.App. 3 Cir.1993), writ denied, 93-2877 (La.1/28/94); 630 So.2d 792. This rule also applies to an alimony award established by a consent judgment. Richardson v. Richardson, 93-575 (La.App. 3 Cir. 2/2/94); 631 So.2d 114. An appellate court should not overturn or modify a trial court’s reduction of alimony, absent a clear abuse of discretion. Id.
[W]e note that voluntary retirement alone does not allow a termination of alimony payments to a spouse whose needs have remained the same. See Mitchell [v. Mitchell], 626 So.2d 571 [La. App. 3 Cir. 11/3/93]. Rather, permanent periodic alimony shall be revoked in the event it becomes unnecessary. La.Civ. Code art. 112(A)(4). The obligor spouse is entitled to full revocation of permanent alimony only if he proves that, considering the totality of the circumstances, the obligee spouse is no longer in need. Rhinehart v. Rhinehart, 475 So.2d 43 (La.App. 2 Cir.), unit denied, 477 So.2d 692 (La.1985). Being in necessitous circumstances is a continuing requirement for entitlement to alimony, and the court will favorably consider any change in the obligee spouse’s position toward the obligor spouse’s request for termination. Id.
It is well settled that the party requesting a reduction or termination in alimony bears the burden of proving a significant change in the financial condition of either himself or his ex-spouse, so as to justify the termination or reduction in the alimony which a former judgment of the court has order required him to pay. Smith v. Smith, 95-1661 (La.App. 1 Cir. 4/30/96), 674 So.2d 364, unit denied, 96-1457 (La.9/20/96), 679 So.2d 435.
In the case sub judice, Appellant simply failed to carry his burden of proof. The appellate record contains neither the original alimony order nor any document showing when the original alimony of *156 $900.00 per month was reduced to $300.00. The unrebutted testimony of Ms. Desoto establishes that her salary at the Corps of Engineers has only increased by cost-of-living adjustments since she started her job. She has further testified that her needs remain the same as when her alimony was set |4by the trial court. No evidence was introduced to counter this testimony. Therefore no significant change in her circumstances has been demonstrated.
On the other hand, Mr. Desoto admits that he has not retired that he is basically making the same amount as when the parties divorced. He stated that no one lives with him or is dependant on him for support. He further testified that he is currently saving approximately $700.00 per month in the company credit union. Additionally, he admitted that International Paper is not forcing him to retire and that he could probably continue working for as long as he chooses to do so.
In Berry v. Berry, 95-322, p. 3 (La.App. 3 Cir. 10/4/95): 663 So.2d 266, 268, this court stated the following:
La.R.S. 9:311(A) states as follows: “An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.”
In Towell v. Towell, 93-1610, at 4 (La.App. 3 Cir. 6/1/94); 640 So.2d 810, 813 a panel of this court stated the following:
A reviewing court must give great deference to a trial court’s determination of whether the spouse has shown a change in circumstances sufficient to modify or terminate an alimony award. Dauphine v. Dauphine, 511 So.2d 53 (La.App. 3 Cir.1987). Such an award will not be disturbed absent a clear abuse of discretion. Dau-phine, supra.
In sum, Mr. Desoto has produced no evidence which has shown a significant change of circumstances in either party since the rendition of the alimony decree. Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs at both the trial and appellate level are cast against Appellant, Luther Desoto.
AFFIRMED.