STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CONSTANCE DESHOTELS HEBERT

VERSUS

DONALD R. HEBERT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 954463
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

James L. Daniels
Ringuet, Daniels and Collier
Post Office Box 52647
Lafayette, LA 70505
(337) 232-0002
COUNSEL FOR DEFENDANT/APPELLANT:
Donald R. Hebert

Philip C. Kobetz
Post Office Box 80275
Lafayette, LA 70598
(337) 291-1990
COUNSEL FOR DEFENDANT/APPELLANT:
Donald R. Hebert

Ronald D. Cox
Charles G. Fitzgerald
Cox Fitzgerald, L.L.C.
113 West Convent Street
Lafayette, LA 70501
(337) 233-9743
COUNSEL FOR PLAINTIFF/APPELLEE:
Constance Deshotels Hebert

AMY, Judge.

The appellant sought a reduction/termination in his monthly spousal support obligation to his former wife. Following a hearing on the issue of whether there had been a change in the parties' financial circumstances, the trial court denied the appellant's rule. The appellant seeks review of that denial. For the following reasons, we reverse and remand for further proceedings.

## Factual and Procedural Background

Donald R. Hebert and Constance Deshotels Hebert were divorced in May 1996. Thereafter, by consent judgment, Mr. Hebert began paying spousal support. In February 2002, Mr. Hebert filed a Rule for Decrease in Alimony due to Ms. Hebert's receipt of social security benefits. By stipulation of the parties in April 2002, Mr. Hebert's support payments were reduced to $1,100.00 per month.[1] The matter now before the court stems from a "Rule for Decrease in Alimony" filed by Mr. Hebert in August 2005, wherein he alleged that his impending retirement constituted a change in circumstances, and, therefore, his support obligation "should be terminated

---

[1] The judgment of April 2002 provided that:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that effective April 1, 2002 Donald R. Hebert's alimony payments will be reduced to the sum of $1,100.00 in addition to the following:

(a) To the extent that the following exceeds the sum of $500.00 monthly, all royalty, rental, working interest payments, bonuses, and any other type of cash or in kind payments received by CONSTANCE DESHOTELS HEBERT as a result of her ownership of one-half of the mineral rights in and to that certain tract of immovable property formerly owned by the parties in community . . . . Other than any monthly payments, any and all other payments, whether in cash or in kind, shall be pro-rated for the term of said payments. For example, any yearly rental payments shall be pro-rated prospectively on a 12 month basis for purposes of this calculation;

(b) That certain monthly retirement benefit[s] paid to CONSTANCE DESHOTELS HEBERT by Parochial Employees' Retirement System of Louisiana, said retirement benefit originally acquired by DONALD R. HEBERT as a result of his employment, and divided in equal proportions by the parties in their community property partition agreement.

effective October 1, 2005[.]" In an amended rule, filed in October 2005, Mr. Hebert

sought termination or, alternatively, a decrease in support.

In February 2006, the matter proceeded to a bifurcated hearing with the issue

of whether there had been a change of circumstances being presented to the trial

court. The trial court denied the rule.[2] Mr. Hebert appeals.

---

[2] In reasons for ruling, the trial court explained:

Right now. I believe before me is the first - - We've severed this hearing into two (2) parts. One, the beginning is showing the change of circumstance, and I'm going to rule on that.

A party seeking to alter an alimony award must show a change in circumstance of either party from the time of the award to the time of the rule. Donald's retirement did produce a reduction in his income; however, voluntary retirement alone will not result in a termination of alimony payments to a spouse whose needs have remained the same. Juris prudence [sic] regarding this rule is *Mitchell versus Mitchell, Maturin versus Maturin,* and *DeSot[o] versus DeSot[o]*.

Constance's needs seem to have increased, albeit she received an inheritance amounting to over Thirty-five Thousand ($35,000.00) when her mother died and was able to remove herself of debts, relieve herself of debt. She also testified that her health needs as well as daily living expenses, such as gas for her car, have increased. The Court finds that her position has remained essentially unchanged since the last award.

In the *Maturin* case which also considered the [e]ffect of voluntary retirement on spousal support, the obligee's income had even increased, similarly to Constance's.

Evidence shows that Donald's income was reduced from Sixteen Thousand Dollars ($16,000.00) per month to less than Eight Thousand ($8,000.00), including contributing income of Three Thousand ($3,000.00) from his present wife. This reduction is due to his voluntary retirement which he admitted, although he had reached retirement age he still could have retained his position with his former employer. However, he also admitted that he had received monies from the sale of property in Arkansas which also increased his savings.

Article 114 of the Civil Code states that an award of periodic support may be modified in the circumstances of either party materially changing - either party's material change and shall be terminated if it becomes unnecessary.

This Court finds that not only are there no material changes other than a voluntary change of employment, but the termination or modification of the spousal support would put Constance after a short period in necessitous circumstances.

2

*Material Change in Circumstances*

Mr. Hebert contends that the trial court erred in failing to find that he had sustained a significant and material change in circumstances as his retirement, at age sixty-nine, had caused a substantial reduction in his income.

Louisiana Civil Code Article 114 provides as follows with regard to a reduction in spousal support:

> **Art. 114.  Modification or termination of award of periodic support**
>
> An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary.  The subsequent remarriage of the obligor spouse shall not constitute a change of circumstance.

As for the applicable burden of proof, La.R.S. 9:311(A) provides that:  "An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." This rule is applicable to situations involving spousal support obligations established by consent judgment.  *Maturin v. Maturin*, 96-808 (La.App. 3 Cir. 12/11/96), 685 So.2d 468 (citing *Richardson v. Richardson*, 93-575 (La.App. 3 Cir. 2/2/94), 631 So.2d 114), *writ denied*, 97-0121 (La. 3/21/97), 691 So.2d 82.

A trial court's determination of whether a change in circumstances has been demonstrated is entitled to great deference on review.  *Dauphine v. Dauphine*, 511 So.2d 53 (La.App. 3 Cir. 1987).  A resulting award will not be disturbed absent an abuse of discretion.  *Id.  See also Maturin*, 685 So.2d 468.  After review, we find that a reversal of the dismissal is required insofar as the trial court failed to recognize that

Mr. Hebert demonstrated a material change in circumstances and, thereafter, failed to conduct a hearing on the issue of Ms. Hebert's ongoing need.

At the time of the 2002 reduction in Mr. Hebert's support obligation to $1,100.00 per month, he was employed as a hospital administrator. Mr. Hebert testified that, in September 2005 and at the age of sixty-nine, he retired from his position. Prior to retirement, his gross earnings had been approximately $200,000.00 per year and approximately $13,000.00 per month. However, after retirement, his gross monthly earnings were reduced to $4,525.00. He explained that this figure is comprised of social security benefits and two retirement pensions. Additionally, as noted by the trial court, Mr. Hebert's current spouse contributes approximately $3,000.00 to the household income. Thus, Mr. Hebert's income has been significantly reduced following retirement.

The reasons for ruling indicate reliance on a number of cases for the proposition that "voluntary retirement" alone does not permit a termination of spousal support. *See Desoto v. Desoto*, 98-1889 (La.App. 3 Cir. 5/5/99), 740 So.2d 154; *Maturin*, 685 So.2d 468; *Mitchell v. Mitchell*, 92-1461 (La.App. 3 Cir. 11/3/93), 626 So.2d 571, *writ denied*, 93-2877 (La. 1/28/94), 630 So.2d 792. Without resolving the question of whether a person of retirement age is said to have voluntarily retired, we note that, in both *Maturin* and *Mitchell*, the court obviously found a material change in circumstance as *reductions* of spousal support were ordered.

Insofar as the trial court failed to recognize that Mr. Hebert met his initial burden of proving a material change of circumstances, it was in error. With this recognition at the close of the bifurcated hearing, the parties could have proceeded to introduce evidence regarding ongoing need. The trial court's comments in reasons

4

for ruling regarding Ms. Hebert's ongoing need and necessitous circumstances were based on evidence that was directed to the initial question of whether there was a material change of circumstances. We do not reach the question of whether Mr. Hebert is entitled to a decrease in or termination of his support obligation, but find only that, since he established a material change in circumstances, he is entitled to have the remaining question considered on appropriate evidence. Accordingly, we reverse the dismissal of Mr. Hebert's rule to terminate/decrease alimony and remand the matter for the trial court to hold the remainder of the hearing on the remaining question of what, if any, reduction in the spousal support obligation is warranted.

## DECREE

For the foregoing reasons, the dismissal of the rule to decrease alimony is reversed, and the matter is remanded for further proceedings. All costs are assessed to the appellee, Constance Deshotels Hebert.

**REVERSED AND REMANDED.**