# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-194

LINDLEY SCOTT HOLLEMAN

VERSUS

NATALIE LOUISE BARRILLEAUX

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 122476
HONORABLE VINCENT J. BORNE, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

Edward P. Landry
Landry, Watkins, Repaske & Breaux
Post Office Box 12040
New Iberia, Louisiana 70562-2040
(337) 364-7626
ATTORNEY FOR APPELLANT:
        LINDLEY SCOTT HOLLEMAN

Jack D. Miller
Nicole B. Breaux
415 N. Parkerson Avenue
Crowley, Louisiana 70526
(337) 788-0768
ATTORNEYS FOR APPELLEE:
        NATALIE LOUISE BARRILLEAUX

**PERRY, Judge.**

Lindley Scott Holleman ("Holleman") appeals the trial court's denial of his motion for reduction of child support for failure to prove a material change in circumstances. We affirm.

## FACTS AND PROCEDURAL HISTORY

Holleman and Natalie Louise Barrilleaux ("Barrilleaux") are the parents of a minor daughter, R.G.B., who was born on July 3, 2012. On September 11, 2013, the trial court heard evidence of the monthly incomes of the parents and set Holleman's monthly child support obligation at $1,922.95. After Barrilleaux appealed that judgment, this court raised Holleman's monthly child support to $4,161.31 to reflect Holleman's interests in undistributed profits in Hollemire International, LLC ("Hollemire International"), a limited liability company in which he held a fifty percent interest. *Holleman v. Barrilleaux*, 14-499 (La.App. 3 Cir. 11/19/14), 161 So.3d 789.

On July 27, 2017, Holleman filed a rule to show cause why his monthly child support obligation should not be reduced.[1] As his basis for the reduction, Holleman

---

[1] After referencing the monthly child support payment established in this court's 2014 judgment, Holleman stated in his motion for child support reduction, "There has been a change in circumstances between the time of the previous judgment and the time this motion for decrease was filed[.]" However, during the hearing on Holleman's motion, the litigants and the trial court referred on numerous occasions to a similar, intervening hearing on October 25, 2016. From the statements made at the hearing, it appears the trial court also denied Holleman's 2016 request for a child support reduction based primarily upon Holleman's failure to prove his divestiture from Hollemire International, the source of the income that caused this court to raise Holleman's monthly child support obligation in 2014.

Pursuant to the provisions of La.Code Civ.P. art. 2128, Holleman designated the portions of the pleadings and documents to constitute the record now before us. Not designated are the documents and pleadings associated with the 2016 reduction hearing. Additionally, despite statements made by counsel in the present record to the contrary, our diligent search of our database failed to show that the 2016 judgment was appealed.

It is well established in La.R.S. 9:311(A)(1) that if a party seeks a modification in an award of child support, it must be shown that a material change in circumstances has occurred *between the time of the previous award and the time of the rule for modification*. In the present case, we do find it inconsequential that Holleman has used our 2014 judgment as the benchmark rather than

alleged a change in income as well as a downturn in the oilfield industry that seriously affected his income.

After hearing the testimony of Holleman and Barrilleaux and Holleman's father, James A. Holleman ("James"), on February 26, 2018, the trial court denied Holleman's motion for reduction of child support, finding he failed to prove a material change in circumstances. Subsequently, the trial court also denied Holleman's motion for a new trial without conducting a contradictory hearing.

On August 1, 2018, Holleman timely filed a motion for appeal. On February 13, 2019, this court, relying on La.Code Civ.P. art. 1971, dismissed that appeal as premature because the trial court could not have denied a motion for new trial without conducting a contradictory hearing. *Holleman v. Barrilleaux*, 18-1008 (La.App. 3 Cir. 2/13/19) (unpublished opinion). On April 16, 2019, Holleman's 2017 tax returns were entered into evidence as stipulated by the parties, and the trial court minutes reflect that Holleman submitted his argument for a new trial on the

_____

the 2016 judgment; in either case the base amount sought to be modified stayed the same as were the questions about whether Holleman carried his burden of proving his gross income.

2

briefs.[2]   Thereafter, the trial court denied Holleman's motion for new trial.[3]

Judgment was rendered on May 15, 2019, and this appeal followed.[4]

Holleman assigns as error that: (1) the trial court incorrectly denied his motion for a reduction in his child support payments by failing to consider his actual income due to a downturn in the oil business and that he no longer had any interest and/or imputed income from Hollemire International, a business he sold in 2016; and (2) the trial court's denial of his motion for new trial was incorrect because he now had new evidence that was unavailable at the time of the hearing on his motion for a reduction in child support.[5]

---

[2]  As noted in footnote one, Holleman designated which documents and pleadings he wanted included in this appellate record.  Holleman did not designate the briefs submitted for and against the motion for new trial as items for inclusion in this appellate record.

However, Holleman did later supplement the record to include a supplemental post-trial brief he filed on April 24, 2019.  In that brief it was noted that the 2017 tax returns filed by Holleman were entered into evidence by stipulation of the parties.  In a writing dated July 16, 2020, counsel for Holleman and Barrilleaux memorialized the stipulation referenced hereinabove as to Holleman's 2017 tax returns.  However, in a second amended motion to designate the record dated July 16, 2020, Holleman asked, among other things, that the trial court further supplement the record with Holleman's 2016 income tax returns.  Although the trial court granted the order regarding the 2016 income tax returns, we have not considered this additional tax filing because counsel for Barrilleaux did not stipulate to that additional entry and the record further shows no reference to such a filing having been admitted into evidence during the hearing.

[3]  In somewhat an anomaly, the appellate record now before us contains what purports to be a transcript of the April 16, 2019, hearing on the motion for a new trial.  Instead, what appears is a re-transcription of the hearing on the merits which occurred on February 26, 2018.  After the record was lodged with this court, the parties moved to correct the record.  The transcription which had been originally submitted was replaced with a transcription that shows the attorneys for Holleman and Barrileaux agreed to submit Holleman's motion for new trial on the briefs and the record of the February 26, 2018 hearing.

[4] Under the provisions of La.Civ.Code art. 2088, "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal."  In the present case, counsel obtained an order from the trial court on January 7, 2020, which consolidated this appeal under Docket No. 20-194 with the related appeal in Docket No. 20-195 for oral argument.  Because the trial court was divested of jurisdiction at that time, the motion to consolidate appeals for oral argument should have been requested from this court.

[5]  Holleman has not appealed the other aspects of the trial court judgment, namely: (1) the trial court's determination that his child support arrearages through February 2018 totaled $93,758.35; (2) the trial court's determination that both Holleman and Barrilleaux were found in contempt of court; (3) the suspension of Holleman's hunting and fishing licenses; and (4) the assessment of attorney fees to each party.

## DISCUSSION

Holleman contends the trial court manifestly erred when it found he failed to prove his employment circumstances materially changed sufficient to decrease his monthly child support obligation. He argues that it was unrefuted that he no longer had a financial interest in Hollemire International, that his only income was that reflected on his 2017 W-2 forms and the 2017 K-1 from his family trust, and he had potential employment at an hourly rate of $15.00.

Barrilleaux contends the trial court had to make credibility determinations about Holleman's gross monthly income. She further argues that Holleman failed to provide documentation and proof as required in La.R.S. 9:315.2 regarding his contention that he no longer had an ownership interest in Hollemire International.

Louisiana Civil Code Article 224 recognizes that "[p]arents are obligated to support, maintain, and educate their child." Likewise, La.Civ.Code art. 142 provides that "[a]n award of child support may be modified if the circumstances of the child or of either parent materially change[.]" The applicable burden of proof is governed by La.R.S. 9:311(A)(1), which provides that "[a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." *Hebert v. Hebert,* 06–1315, p. 3 (La.App. 3 Cir. 2/7/07), 948 So.2d 1239, 1241 (quoting La.R.S. 9:311(A)(1)).[6] The moving party must show either a change in the obligee's needs or the obligor's ability to pay. *Williams v. Poore,* 10–1087 (La.App. 4 Cir. 1/12/11), 55 So.3d 953.

---

[6] After the trial court's determination in the present case, La.R.S. 9:311(A)(1) was amended, in part, to add the following language: "The material change in circumstances must be substantial and continuing since the last award for support." La.R.S. 9:311(A). This subsequent legislative change did not apply to the present matter.

"Louisiana's uniform child support guidelines were enacted to provide 'adequacy and consistency in child support awards.'" *Lea v. Sanders*, 04-762, 04-1122, p. 6 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, *quoting Guillot v. Munn,* 99-3132, p. 9 (La. 3/24/00), 756 So.2d 290, 297, *writ denied*, 05-183 (La. 3/24/05), 896 So.2d 1046. The trial court is granted great deference in fixing a child support award, and its determination of a parent's gross monthly income and his/her credibility is subject to manifest error review. *Hagan v. Hagan,* 10-1432 (La.App. 3 Cir. 7/27/11), 70 So.3d 1081; *State, Dep't of Soc. Servs. v. Swords,* 08-580 (La.App. 3 Cir. 11/5/08), 996 So.2d 1267.

In support of his motion for a reduction of his monthly child support obligation, Holleman testified about his income and so did his father James. In addition, Holleman presented his 2017 tax returns, W-2's from Hollemire International, Diverse Solutions, LLC ("Diverse Solutions"), a pile driving company, Quality Marine Service, Inc. ("Quality Marine"), an air boat company, and a 2017 K-1 issued to him from the James and Kelly Holleman Family Trust, LLC ("Family Trust").

James primarily testified about his son's ownership of Hollemire International and his subsequent acquisition of that company. During direct examination, James testified that he acquired Holleman's fifty percent interest in Hollemire International on January 1, 2017. He further testified that the business was bleeding cash, owed approximately $600,000.00 in unpaid payroll taxes, and was sold at the end of 2017. James stated that, during 2017, Holleman was paid a car allowance ($600.00), a little additional money, approximately $1,200.00, and some entertainment expenses; since then, Hollemire International has paid nothing to Holleman and the business has been shuttered after James paid the IRS for the unpaid payroll taxes. As far as

5

James knows, Holleman has only had one or two miscellaneous outside jobs, and he received approximately $19,000.00 from the Family Trust.

Under cross-examination, however, James was confronted with contradictory information about Hollemire International that Holleman provided to the trial court at an earlier hearing on October 25, 2016; at that time, Holleman informed the trial court that he was just an employee of Hollemire International, not an owner. When asked about this, James, who did not have the sale papers with him, conceded that perhaps he purchased his son's interest in Hollemire International in 2016, not 2017. Later, when questioning his client, Holleman's trial counsel stated the sale document was both unsigned and undated. James further testified that he owns Cardinal Coil Tubing, LLC ("Coil Tubing"), and he was instrumental in getting his son an interview with Coil Tubing for employment which would pay between $13.00 and $15.00 per hour.

Holleman then testified about his income for 2017. He presented W-2's from Hollemire International ($1,380.77), Diverse Solutions ($1,200.00), and Quality Marine ($4,360.00), and a K-1 from the Family Trust[7] ($19,000.00). As of the date of the hearing, February 26, 2018, Holleman testified he had an upcoming interview with Coil Tubing, an offshore and land operation, as a full-time coil tubing hand at an hourly wage between $13.00 and $15.00 an hour.

Holleman confirmed on cross-examination that he sold his interest in Hollemire International in September 2016, prior to his earlier court appearance on October 25, 2016. At that time, Holleman said his father wrote him a check for $200,000.00, and he wrote him back a check for $200,000.00. He further stated that he had no idea how much he had earned since July 25, 2017, the date he filed this

_____

[7] Although this K-1 was presented as income for 2017, the K-1 is identified as a 2016 K-1 schedule.

6

motion for a reduction in child support. Holleman said he did not look for a job from October 25, 2016, to July 25, 2017. He has sought employment lately in oilfield related businesses but could not provide the court with copies of those applications; he also stated he never filed for unemployment benefits. Holleman testified, too, that he owns no real estate and had been living with friends; he paid rent of $850.00 per month to one of these friends, a girlfriend, but that relationship had since ended. Finally, he agreed that should he begin working with Coil Tubing, he will earn more money than he made when he earlier sought a child support reduction on October 25, 2016.

Additionally, evidence was presented to the trial court of Holleman's bank statements from June 20, 2017 through December 20, 2017. Except for two months, September and November, more money was withdrawn than was deposited.[8]

Finally, also received into evidence were Holleman's 2017 federal and state tax returns. That evidence was entered with the joint stipulation that "they were based solely on information provided by Lindley Holleman." Although there was no expert testimony regarding these returns, several line items bear notation, particularly because Holleman testified he had no other assets and he did not own real estate, namely: adjusted gross income is noted as $24,769.00; and itemized deductions are totaled as $40,003.00 (consisting, in part, of: $23,382.00 for income taxes and real estate taxes; $13,706.00 for investment interest; and $2,915.00 for investment expenses).

---

[8] Those statements show deposits of $1,200.00 and withdrawals/overdrafts of $4,290.74 (statement of June 20, 2017), deposits of $1,500.00 and withdrawals/overdrafts of $1,730.55 (statement of July 20, 2017), deposits of $1,700.00 and withdrawals/overdrafts of $3,070.02 (statement of August 8, 2017), deposits of $4,065.34 and withdrawals of $3,762.45 (statement of September 20, 2017), deposits of $360.00 and withdrawals/overdrafts of $2,852.13 (statement of October 22, 2017), deposits of $3,700.00 and withdrawals of $2,899.36 (statement of November 22, 2017), and deposits of $2,799.15 and withdrawals/overdrafts of $3,511.16 (statement of December 20, 2017).

Against that factual backdrop, we call to mind the onerous task before a trial court in its determination of child support and the burden of proof required of the mover in seeking a reduction of that child support obligation by having to show a material change of circumstances. Whether we consider our judgment of 2014, which initially set Holleman's child support, or Holleman's subsequent failed attempt to reduce that obligation in 2016, a decision that apparently left in place our earlier award, it was Holleman's burden to prove his entitlement to a child support reduction.

In *Stogner v. Stogner*, 98-3044, pp. 5-6 (La. 7/7/99), 739 So.2d 762, 766–67, our supreme court stated:

> The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. *Hogan v. Hogan*, 549 So.2d 267 (La.1989). As a complement to that obligation, La.R.S. 9:315–315.15 provides a detailed set of guidelines that the courts are mandated to follow in setting the amount of child support in "any proceeding to establish or modify child support filed on or after October 1, 1989." La.R.S. 9:315.1(A); *Hildebrand v. Hildebrand*, 626 So.2d 578 (La.App. 3 Cir.1993). These child support guidelines were enacted in 1989 for a twofold purpose: to address the inconsistency in the amounts of child support awards and as an appropriate solution to the inadequacy of the amounts of these awards. Nations, *Louisiana's Child Support Guideline: A Preliminary Analysis*, 50 La.L.R. 1057, 1058 (1990); *see also* The Family Support Act of 1988, Pub.L. 100–485, 102 Stat. 2343 (1988). Under this system of guidelines, the Legislature adopted an income shares approach which combines the adjusted monthly gross income of both parties in arriving at the amount of support owed. BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16–19 (Michie 1996). . . . Moreover, the parental obligation to pay child support must be implemented within the body of law contained in the Louisiana *Child Support Guidelines*. La.Civ.Code arts. 227–231; La.R.S. 9:315, *et seq*.; *State in Interest of Travers*, 28,022 (La.App. 2 Cir.12/6/95), 665 So.2d 625; BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16–19 (Michie 1996). As such, the guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children, in an efficient, consistent, and adequate manner. *State in Interest of Travers*, 665 So.2d 625.

"Documentation is essential to the setting of child support." *Drury v. Drury*, 01–877, p. 7 (La.App. 1 Cir. 8/21/02), 835 So.2d 533, 539. Louisiana Revised

Statutes 9:315.2(A) addresses the appropriate documentation for determining a child support obligation and provides, in pertinent part:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. . . . Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

In the present case, the designated record now before us fails to show Holleman presented a verified income statement; instead, he relied upon his 2017 tax returns, his W-2's, and his K-1.

We now turn to Holleman's contention that he no longer has a financial interest in Hollemire International, the keystone of our 2014 decision. He contends that his father purchased his interest in that enterprise, and it is now a shuttered business. Although that may be true, Holleman's only attempt to carry his burden of proof was his self-serving testimony and the testimony of his father which provided a conflicted acquisition timeline of his son's interest in Hollemire International. Importantly, neither Holleman nor his father presented any documentation of this significant transaction. Holleman's effort in proving his disassociation from Hollemire International could have been aided had he provided the trial court with the various documents referenced in La.R.S. 9:315.2. As observed in *Jackson v. Belfield*, 98-440, p. 6 (La.App. 4 Cir. 11/25/98), 725 So.2d 32, 35, "[The father's] lack of cooperation and failure to comply with [La.R.S. 9:315.2] made it impossible for the trial court to establish his income with any degree

of confidence. Such obstructiveness must not be rewarded; it should neither be allowed to inure to him nor to disadvantage his daughter." Those same tenets are applicable here. For these reasons, it is clear the trial court was not manifestly erroneous in denying Holleman's motion to reduce his child support obligation.

Lastly, Holleman contends the trial court erred when it denied his motion for a new trial.[9] In his motion for a new trial, Holleman contended that the trial court's judgment was contrary to the law and evidence.

"When reviewing the grant or denial of a motion for a new trial, an appellate court cannot reverse the trial court's decision unless an abuse of discretion can be demonstrated." *Wedgeworth v. Mixon*, 15-686, p. 9 (La.App. 3 Cir. 2/3/16), 184 So.3d 876, 883, *writ denied*, 16-422 (La. 4/22/16), 191 So.3d 1049. *See also Bailey v. Bailey*, 19-644 (La.App. 3 Cir. 3/11/20), 297 So.3d 58.

Holleman's motion for new trial was based on La.Code. Civ.P. art. 1972(1), which provides that "[a] new trial shall be granted, upon contradictory motion of any party, ... [w]hen the verdict or judgment appears clearly contrary to the law and the evidence[.]"

Having found no merit to any of Holleman's arguments, we are unable to say the trial court abused its discretion in denying Holleman's motion for new trial.

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

---

[9] In his assignments of error, Holleman contends that the trial court should have granted the new trial because he now has evidence not theretofore available. Under the provisions of La.Code Civ.P. art. 1975, when the motion for new trial is based on Article 1972(2), newly discovered evidence, "the allegations of fact therein shall be verified by the affidavit of the applicant." Holleman's motion for a new trial was neither based on La.Code Civ.P. art. 1972(2) nor supported by an affidavit as required by La.Code Civ.P. art. 1975. Thus, our review of the trial court's denial of the motion for new trial will be limited to whether the trial court's decision was contrary to the law and evidence, the sole ground presented to the trial court.